555 P.2d 318

**STATE of Arizona, Appellee,**

v.

**Paul O. ESPINOZA, Appellant.**

**No. 3521.**

Supreme Court of Arizona,
En Banc.

Sept. 29, 1976.

---

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

On October 24, 1973, the appellant, Paul O. Espinoza, entered a plea of guilty to the charge of sale of heroin. The imposition of the sentence was suspended and appellant was placed on probation for a period of five years to date from November 21, 1973. On two occasions thereafter, on May 8, 1974 and again on October 23, 1975, the court found that the appellant had violated the terms of his probation and in both cases extended the probation.

On March 15, 1976, the appellant's probation officer filed a petition to revoke probation alleging that:

"On or about 3–9–76, the defendant admitted to this officer that he was 'dirty' for heroin, without a prescription, all in violation of TERM # 16, of his probation.

"The defendant failed to report in person as directed by his probation officer on 12–23–75, for the months of January and February and up to March 11, 1976, all in violation of TERM # 2, of his probation."

Appellant's initial appearance was held on March 19, 1976, at which he was advised that anything he said could be used against him. On March 30, 1976, revocation arraignment was held wherein the court informed the appellant of the charges specified in the petition. Appellant denied the allegations and the matter was set for hearing April 6, 1976 and subsequently continued until April 14, 1976.

At the April 14, 1976 violation hearing, during the course of the testimony, certain evidence was adduced which had a bearing on whether the appellant had violated two additional terms not enumerated in the petition. Those additional terms, numbers 6 and 12, upon which evidence was heard, required the probationer to submit to urinalysis tests when directed by his probation officer and to participate in a drug rehabilitation program. The testimony which directed attention to the violations of those terms was admitted without objection.

At the conclusion of the hearing the court determined that the appellant had violated not only the terms of which the probationer was alleged to have violated in the petition to revoke, but also the two terms which were not specified in the petition but were raised at the revocation hearing, *i.e.*, terms 6 and 12.

On April 23, 1976 the court revoked appellant's probation and sentenced him to not less than five years nor more than life in the state penitentiary to commence January 17, 1976. This appeal followed.

■ Appellant first contends that his probation was improperly revoked based on the fact that he was informed neither in the petition to revoke nor at the revocation arraignment of the alleged violations of terms 2, 6 and 12 of his probation. Rule 27.7(a)(2), Arizona Rules of Criminal Procedure (1975), requires that the court, at the revocation arraignment "inform the probationer of each alleged violation of probation and the probationer shall admit or deny each such allegation." Moreover,

it is a basic requirement of due process that a probationer be given written notice of the alleged violations prior to the probation revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973); *State v. Settle*, 20 Ariz. App. 283, 512 P.2d 46 (1973).

■ It is clear from the record that appellant was, in fact, given adequate notice of the allegation that he was in violation of term number 2 which required him to report periodically to his probation officer. It is equally clear that he was not apprised of the alleged violations of terms 6 and 12. Neither was mentioned at either the revocation arraignment or in the petition to revoke.

■ However, the testimony which shed light on the additional violations and upon which the judge based her conclusions was never objected to by appellant's counsel. Nor did counsel object when the judge made her findings on the two added violations. It is clear that where no objection was made in the lower court either to the testimony relating to the two additional charges or to the court's ultimate findings thereon, the appellant shall not be heard to object for the first time on appeal. *State v. Ferguson*, 109 Ariz. 254, 508 P.2d 330 (1973).

■ Moreover, even if the failure to give prior notice of the two additional charges was error, it is not grounds to set aside the revocation since the court did find the appellant to be in violation of two terms of his probation of which he was given adequate prior notice. Thus, the error in failing to give notice in this case was harmless. *State v. Gomez*, 112 Ariz. 243, 540 P.2d 1224 (1975).

■ Appellant next contends that since the probation officer merely *told* him to report twice a month and never reduced that requirement to writing, it is a condition upon which his probation may not be revoked. Appellant relies on Rule 27.-

7(c)(2) of the Arizona Rules of Criminal Procedure (1975), which provides that "probation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy."

The term here in question, however, required the appellant to "report to the probation officer *at least once each month . . .* and at all other times directed by the probation officer." (emphasis added). The petition stated and the court found that he had not reported during the months of January, February or March. Thus, whether he violated the condition by failing to report as "directed by the probation officer" is immaterial since it was obvious that he did not report "at least once each month" which he was explicitly required to do by the terms and conditions of his probation. We find that the appellant did receive a written copy of the condition which he was found to have violated and upon which his probation was revoked.

Finally, appellant argues that there was insufficient evidence to find that he had violated the term prohibiting the use of heroin. The record shows that there was contradictory testimony given on this point. Evidence is not insufficient, however, simply because the testimony is conflicting. *State v. Ballinger,* 110 Ariz. 422, 520 P.2d 294 (1974). Moreover, the credibility of the witnesses is an issue for the trial court whose rulings will not usually be upset on appeal. *State v. Hunter,* 112 Ariz. 128, 539 P.2d 885 (1975). We find upon a careful review of the record that there was sufficient evidence upon which to base a finding that appellant had violated the terms of his probation.

The revocation of probation and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.