STATE of Wisconsin, Plaintiff-Respondent,

v.

Brenda POPE, Defendant-Appellant.

Court of Appeals

*No. 81–1585–CR. Submitted on briefs March 15, 1982.—Decided May 25, 1982.*

(Also reported in 321 N.W.2d 359.)

For the appellant there was a brief by *James R. Sakar* of Milwaukee.

For the respondent there was a brief by *Bronson C. La Follette*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Brenda Pope appeals from an order amending the amount of restitution set as a condition of her probation from $278 to $4,000. The trial court sentenced Pope to three years in prison on a robbery conviction, but stayed that sentence and placed her on probation for two years with the condition that she pay $278 in restitution for the victim's emergency treatment, X-ray and medical expenses. A subsequent hearing was held on the state's motion to increase the amount of restitution to $5,346 because of additional financial losses to the victim. After this hearing, the

trial court amended the amount of restitution ordered as a condition of probation to $4,000.

Pope does not challenge the authority of the court to increase the amount of restitution, but argues that at a hearing to determine restitution as a condition of probation, the rules of evidence and civil standard of proof must be applied. She further argues that the trial court abused its sentencing discretion by not considering her financial resources and future ability to pay when it amended the restitution from $278 to $4,-000. Although the trial court employed the proper procedure and burden of proof, we conclude that the trial court failed to exercise its discretion because it did not consider her financial resources and future ability to pay. We reverse.

## PROCEDURE AND BURDEN OF PROOF

Pope contends that the rules of evidence and the civil burden of proof must be adhered to in a hearing to establish restitution. In support of her argument, Pope relies on sec. 973.09(8), Stats., which defines pecuniary loss as special damages, supported by evidence in the record, which could be recovered in a civil action.[1]

---

[1] Section 973.09(8), Stats., provides:

In this section, "pecuniary loss" means:

(a) All special damages, but not general damages, substantiated by evidence in the record, which a person could recover against the probationer in a civil action arising out of the facts or events constituting the probationer's criminal activities, including, without limitation because of enumeration, the money equivalent of loss resulting from property taken, destroyed, broken or otherwise harmed and out-of-pocket losses, such as medical expenses;

(b) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense; and

(c) Interest at the legal rate on the amount of pecuniary loss from the time of loss until payment is made.

The language of sec. 973.09, Stats., demonstrates that the restitution hearing is not intended to be an adversary civil trial.[2] The statute does not require that a certain evidentiary standard be employed or that the equivalent of a civil trial be held. The hearing is to establish the amount of damages which can be the basis for restitution, not a trial to establish civil liability.

Granting probation and establishing conditions of probation are part of the criminal sentencing process and are designed to rehabilitate the offender and protect the public's interests. A restitution hearing in a criminal proceeding is analogous to a presentence investigation. *State v. Scherr,* 9 Wis. 2d 418, 426, 101 N.W.2d 77, 81 (1960). Section 911.01(4)(c), Stats., specifically states that the rules of evidence do not apply to sentencing probation. It follows, therefore, that a restitution hearing by statute is not a civil action requiring adherence to the strict rules of evidence and burden of proof.

This is consistent with the general approach toward sentencing hearings. The trial court is given wide lati-

---

[2] Section 973.09(1m), Stats., provides in relevant part:

In determining the amount and method of payment, the court shall consider the financial resources and future ability of the probationer to pay. The court may provide for payment to the victim up to but not in excess of the pecuniary loss caused by the offense. Upon the order of the court, the district attorney or an official of a law enforcement agency, as defined in s. 165.83(1)(b), shall document the nature and amount of the victim's pecuniary loss. Upon the application of any interested party, the court shall schedule and hold an evidentiary hearing to determine the value of the victim's pecuniary loss resulting from the offense. The court shall not establish a payment schedule extending beyond the maximum term of probation that could have been imposed for the offense under sub. (2).

tude to gather information for sentencing purposes without being bound by the traditional rules of evidence. *Roberts v. United States*, 445 U.S. 552, 556 (1980) ; *United States v. Grayson*, 438 U.S. 41, 50 (1978). The trial court should be and is allowed similar latitude in determining the proper amount of restitution.

Pope also argues that due process requires the rules of evidence and civil burden of proof be utilized in establishing restitution. When discussing the analogous situation of a probation hearing, the Wisconsin Supreme Court has stated that the hearing need not be a formal, trial-type hearing and the technical rules of evidence need not be followed. *State v. Gerard*, 57 Wis. 2d 611, 618, 205 N.W.2d 374, 378 (1973). Due process requires a factual hearing to determine the grounds of revocation and that the defendant be informed of his probation violations, be able to confront his adversary, and be heard if he wishes. *Id.* at 617, 205 N.W.2d at 378. The same reasoning must apply to a restitution hearing. The state must afford notice of the hearing with an opportunity to confront the victim's claim for pecuniary loss and also an opportunity to be heard. Due process does not require that the rules of evidence and civil burden of proof apply to a restitution hearing. Pope was given notice of the hearing, had an opportunity to confront her adversary, cross-examine adverse witnesses, and introduce her own evidence. We conclude that Pope's restitution hearing complied with due process.

Pope's argument that damages were not adequately proved because of hearsay or insufficient foundation must also fail. At the restitution hearing, the robbery victim testified about the value of his wrecked car, the cost of certain repairs, the value of some jewelry, and

the amount of medical bills. No contradictory evidence was introduced. Pope simply claims that, since some of the victim's testimony was based on purchase price, not current market value, it was irrelevant. The trial court, in exercising its discretion, may accept or reject testimony as reliable or unreliable. *Id.* at 618, 205 N.W.2d at 378. Given the victim's uncontradicted evidence on the value of the individual items of loss, we cannot say that the trial court's finding of approximately $5,700 of losses is unreasonable or without sufficient basis.

## ABILITY TO PAY

Pope also argues that, in amending the amount of restitution from $278 to $4,000, the trial court abused its sentencing discretion by not considering her ability to pay. Section 973.09(1m), Stats., requires a trial court to consider the financial resources and future ability of the probationer to pay when establishing the amount of restitution and method of payment. The Wisconsin Supreme Court has emphasized the importance of considering the probationer's ability to pay when setting restitution. *Huggett v. State,* 83 Wis. 2d 790, 800, 266 N.W.2d 403, 407 (1978).

A sentence will be modified or remanded only when an abuse of discretion is clear. *McCleary v. State,* 49 Wis. 2d 263, 278, 182 N.W.2d 512, 520 (1971). A sentence will not always be set aside where a trial court has abused its discretion by failing to exercise that discretion. If the record contains facts that would support the trial court's decision, the sentence will be affirmed. *Id.* at 282, 182 N.W.2d at 522.

There is no evidence in either the amended restitution order or the record of the July 17, 1981, restitution hearing demonstrating that the trial court considered Pope's financial resources or her future ability

to pay, as the statute requires, when it amended restitution to $4,000. This failure to consider financial resources or future ability to pay must result in a reversal and remand unless the record demonstrates that the amount of restitution is sustainable as a proper discretionary choice.

At the restitution hearing Pope testified that she was twenty-one years old, did not have a high school education, and had never been employed full time. She further testified that she was the custodial parent of a three-year-old child and that her only source of income to support both herself and her child was $377 per month in public assistance. This is the only testimony in the record of Pope's financial resources and future ability to pay.

When restitution was amended to $4,000, there were approximately twenty-one months left on her probation period. She would therefore have to expend $4,000 of her public assistance income of approximately $7,917 for that twenty-one month probation period on restitution. This would leave her with approximately $3,917 to provide food, clothing, shelter, and other necessities for both herself and her child for nearly two years. Since she had never had a full-time job and had no high school diploma, the prospects of additional income in the future were, at best, poor. On this record we cannot say that the trial court could have considered Pope's financial resources and future ability to pay and still have ordered $4,000 restitution.

The state argues that there was no abuse of discretion because Pope had the burden to come forth with more specific evidence than what was in the record to demonstrate inability to pay, such as her current expenses. We disagree. The trial court must consider her financial resources and future ability to pay. Sec-

tion 973.09(1m), Stats. It is not incumbent on the defendant to address and disprove every imaginable source of potential income.

Trial courts need not be reluctant to order restitution as a condition of probation simply because of a defendant's indigence. Section 973.09(1) provides that restitution shall be provided to the extent possible unless the court finds that there is substantial reason not to order restitution. This language, in conjunction with the court's obligation to consider the probationer's financial resources and future ability to pay, allows a trial court to place a defendant on probation and order restitution of an amount less than the full damages caused if that defendant does not have the financial resources or future ability to pay full restitution.

In determining the amount of restitution, a court must consider the probationer's financial resources and future ability to pay, and cannot establish an amount of restitution so high as to demonstrate a disregard of this obligation. In fulfilling this requirement, though, the court may additionally consider the probationer's assets, employment history, present employment, prospects for future employment, potential sources of income, the cost of supporting the probationer's dependents, and other competing demands on the probationer's income. *See Huggett,* 83 Wis. 2d at 803, 266 N.W.2d at 409.

*By the Court.*—Order reversed and cause remanded for a new hearing.