656 P.2d 1264

STATE of Arizona, Appellee,

v.

Bruce Allen HAWKINS, Appellant.

No. 1 CA–CR 5316.

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 12, 1982.

Rehearing Denied Dec. 14, 1982.

Review Denied Jan. 11, 1983.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

**404**

## OPINION

MEYERSON, Judge.

This appeal has been filed in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the opening brief, counsel for appellant raised a material issue and, pursuant to this court's order, the state has filed an answering brief. Appellant has been offered an opportunity to file a brief *in propria persona,* but has not done so.

On March 17, 1981, appellant entered a plea of guilty to theft, a class 4 felony, pursuant to a plea agreement. The information charged appellant with stealing, among other things, two sets of sterling silverware from Lyal Millett on or about February 6, 1981. Appellant was placed on four years probation; one of the terms of probation required appellant to make restitution for the silverware in the total amount of $12,792 to be paid at the rate of $250 per month.[1]

Appellant contends that the trial court erred by ordering restitution in the amount of $12,792, which is substantially more than the $1,049.48 recommended by the probation officer in the pre-sentence report. Appellant maintains that (1) insufficient evidence was established to support restitution in the higher amount and (2) the trial court erred by failing to consider his economic circumstances with respect to his ability to repay $12,792 in payments of $250 per month. The state responds that the amount of the loss was contained in the pre-sentence report and therefore sufficient evidence to support a finding of the amount of restitution existed without a hearing under A.R.S. § 13–901.H. In any event, the state contends appellant waived his right to object to the restitution order because he did not dispute it at the time of sentencing.

Appellant's plea agreement was accepted by the court commissioner on March 17, 1981. The plea agreement provided, among other things, that "[r]estitution will be made to the victim in an amount to be determined by the probation department."[2] The pre-sentence investigation was prepared and delivered to the sentencing judge on April 9, 1981. In the pre-sentence report, it was recommended that appellant be placed on probation and that he "make and pay restitution . . . in the total amount of $1,049.48 in regular monthly payments of $30.00 . . . ." The pre-sentence report also noted that the victim had priced the stolen silverware at various department stores and reported to the probation department that the replacement cost was $12,792.

Appellant's sentencing[3] was held on April 14, 1981. The judgment and order suspending sentence and imposing terms of probation was prepared for the judge's signature and originally provided that restitution was to be paid in the amount of $1,049.48 as recommended by the probation department. That amount was crossed out and $12,792 substituted ($250 per month was also substituted for the recommended $30 per month) and initialed by the judge. Appellant's counsel questioned the amount, apparently recalling that the probation department's recommendation was different. The judge replied: "That's incorrect. That's the amount the insurance company paid to the victims. The victims' total loss was $12,792. You'll find it in the presentence report." Appellant made no objection.

---

1. According to the Restitution Ledger Request, the $12,792 represents the sum of the replacement cost of the silverware of $11,742.52 and reimbursement for an insurance payment of $1,049.48.

2. Although the plea agreement provides that the probation department was to "determine" the amount of restitution, we recognize that setting the amount is, under the criminal code, the express obligation of the sentencing judge. A.R.S. § 13–901.H. We view the plea agreement to mean that the amount of restitution was to be recommended by the probation department.

3. The record in this court reveals that appellant subsequently violated the terms of his probation by not reporting to the probation department and not paying the $250 per month. His probation was modified on August 10, 1982, by reducing the payments to $100. Our decision is not affected by these events.

For the reasons set forth below, we hold that because the terms of the plea agreement were not followed by the trial judge, appellant should have been given an opportunity to withdraw his plea. Further, should appellant again be ordered to make restitution, we instruct the trial judge to consider whether appellant has the economic ability to pay the amount of restitution ordered.

■■■ Appellant's plea agreement provided that he agreed to pay restitution in an amount to be recommended by the probation department. The trial judge ignored the plea agreement and substituted a different amount in her order. Where a plea agreement or a provision of the agreement is rejected by the trial court, it is obliged to give the defendant an opportunity to withdraw the plea. Rule 17.4, Ariz.R.Crim.P. The rejection of a provision of the plea agreement gives rise to a mandatory duty to grant the defendant an opportunity to withdraw his plea; the duties imposed by this rule "are affirmative duties placed upon the court and cannot be waived by a defendant simply failing to withdraw his plea." *State v. Soto,* 126 Ariz. 477, 480, 616 P.2d 937, 940 (Ct.App.1980).

■■■ Because restitution may likely be ordered again on remand we turn to appellant's contention that the trial judge did not ascertain his ability to make restitution as provided for in A.R.S. § 13–603.C. That statute provides as follows:

> If the court imposes probation it ... shall require the convicted person to make restitution to the victim of the crime in such amount and manner as the court may order, after consideration of the economic loss to the victim and economic circumstances of the convicted person.

We hold that A.R.S. § 13–603.C. requires the trial judge to consider a defendant's ability to pay whenever restitution is ordered.

Our review of similar statutes in other jurisdictions, as interpreted by their respective appellate courts, confirms that in setting restitution the sentencing judge must determine the defendant's economic ability to pay. *E.g., Peterson v. State,* 384 So.2d 965 (Fla.App.1980) (restitution order reversed because the trial court did not determine "that appellant has the ability to make the payments required of him as part of his probationary condition."); *Commonwealth v. Wood,* 300 Pa.Super. 463, 446 A.2d 948, 949–50 (1982) (sentencing court must consider whether the amount of restitution exceeds the defendant's ability to pay); *State v. Pope,* 107 Wis.2d 726, 321 N.W.2d 359, 362 (1982) (order granting restitution reversed because there was "no evidence ... demonstrating that the trial court considered" the defendant's financial resources or future ability to pay).

The law in this area has been summarized as follows:

> [I]t is generally held that regardless of whether restitution provisions are governed by a jurisdiction's particular statute, the sentencing court may not condition probation upon the payment of restitution without first assessing the offender's financial capabilities.

A. Campbell, *Law of Sentencing* § 23 (1978). *See* American Bar Association, *Standards for Criminal Justice* § 18–2.-3(e)(i) (2d. ed. 1980); *Model Penal Code* § 301.1(2)(h) (1974).

Consideration of the defendant's ability to pay restitution is sound penology. Requiring the payment of restitution has both rehabilitative and punitive purposes.[4] Rule 27.1, Ariz.R.Crim.P.; *see* A.R.S. § 13–101. Most courts recognize that the rehabilitative purpose cannot be achieved if restitution is set in an amount beyond the defendant's ability to pay. Nothing can be more destructive of the salutary purpose of restitution than to build into the terms of probation a self-defeating provision.

---

**4.** We recognize that "it will be necessary for a defendant to make substantial sacrifices in order to make restitution to the victims of his crimes." *Commonwealth v. Wood,* 446 A.2d at 950.

The true rehabilitative purpose of restitution is well served when a probationer or parolee is called upon to make reasonable sacrifices in order to compensate those who have sustained losses as a result of his criminal conduct. The rehabilitative goal is defeated only when the payments ordered by the court are so unreasonable in view of the defendant's financial circumstances and ability to work that, despite good-faith efforts, the defendant cannot hope to comply.

*Commonwealth v. Wood,* 446 A.2d at 950. *State v. Garner,* 115 Ariz. 579, 581, 566 P.2d 1055, 1057 (Ct.App.1977).

The failure of a sentencing judge to determine that a defendant has the ability to pay restitution also raises potential constitutional problems. Because probation can be revoked and incarceration ordered for failure to make restitution, indigent defendants can suffer imprisonment where an individual of better financial means would remain free. "Great constitutional problems develop if the amount of reparations is an amount larger than the defendant can pay." *State v. Garner, id.* at 581, 566 P.2d at 1057. *Barnett v. Hopper,* 548 F.2d 550, 554 (5th Cir.1977) ("To imprison an indigent when in the same circumstances an individual of financial means would remain free constitutes a denial of equal protection of the laws."); *see Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

■ Where the sentencing judge does not make specific findings with regard to the probationer's ability to pay restitution, the record must demonstrate that the amount of restitution is a "proper discretionary choice." *State v. Pope,* 321 N.W.2d at 362. "Since an order of restitution is a sentence, it must be supported by the record." *Commonwealth v. Williams,* 299 Pa.Super. 278, 445 A.2d 753, 756 (1982). Factors which bear upon the propriety of any order of restitution include the defendant's income, assets, education, obligation to support dependents, employment history and prospect for future employment. *State v. Pope,* 321 N.W.2d at 362.

■ The record before us cannot sustain the superior court judge's order of restitution in the amount of $12,792 payable at $250 a month.[5] In his release questionnaire, appellant stated that he had been self-employed for three months in a job which he described as cutting and selling firewood and trimming trees. He indicated that he paid $75 each month to support several family members living with him. He stated that his net take-home pay was $200 per month, $50 was owed to him and he had a 1970 Chevrolet worth $1,000. This was the extent of his income and assets. The pre-sentence report stated that his financial situation was considered one of "dependency upon the county" and noted that appellant did not have a high school diploma. He had no prospect of employment in which he could realistically pay the full amount of restitution ordered and certainly he could not be expected to pay $250 each month. On the record before us, the restitution order is "so unreasonable in view of the [appellant's] financial circumstances and ability to work, that despite good faith efforts, the [appellant] cannot hope to comply." *Commonwealth v. Wood,* 446 A.2d at 950.

Accordingly, we remand this matter to the trial court. The sentencing judge may reinstate the plea agreement and provide for restitution in the amount recommended by the probation department—$1,049.48 payable at $30 a month. If the sentencing judge chooses to vary the terms of appellant's plea agreement, he must be given an opportunity to withdraw his plea pursuant to Rule 17.4, Ariz.R.Crim.P.

HAIRE, P.J., concurs.

EUBANK, Judge, specially concurring:

I specially concur in the result. Since the plea agreement was changed by the Court, without giving appellant an opportunity to

---

**5.** On this record, even the modified restitution order of $100 per month would not be sustaina- ble.

withdraw his plea, reversal is required. The issue of whether or not A.R.S. § 13–603(C) requires specific findings does not have to be reached under the facts of this opinion.