687 P.2d 1267

The STATE of Arizona, Appellant,

v.

Guadalupe Montano GONZALES, Appellee.

No. 6317.

Supreme Court of Arizona,
En Banc.

Sept. 13, 1984.

Robert K. Corbin, Atty. Gen., Bruce M. Ferg, Asst. Atty. Gen., Stephen D. Neely, Pima County Atty., Tucson, for appellant.

Kelly C. Knop, Tucson, for appellee.

HAYS, Justice.

Appellee, Guadalupe Montano Gonzales, was convicted of dangerous or deadly assault by a prisoner. *See* A.R.S. § 13–1206. Appellee was sentenced to 11.25 years imprisonment. Gonzales did not appeal his conviction. The state appealed to the court of appeals, alleging that the sentence imposed was illegal. We granted the motion to transfer the case to this court. *See* 17 A.R.S. Arizona Rules of Supreme Court, rule 47(e). We have jurisdiction pursuant to A.R.S. § 13–4032.

At the time of the crime and at the time of sentencing, A.R.S. § 13–1206 provided for a mandatory life sentence without possibility of parole for twenty-five years. The sentencing court determined that the mandatory sentencing provision of the statute was unconstitutional. The sentencing court imposed a lesser sentence.

■ The state argues that the sentence imposed by the sentencing court is illegal. We agree. The sentencing court was incorrect to conclude that former A.R.S. § 13–1206 was unconstitutional. *See State v.*

*Garcia,* 141 Ariz. 97, 685 P.2d 734 (1984). The sentence is therefore vacated.

While this case was pending on appeal, the legislature amended A.R.S. § 13–1206. The statute now makes this crime a class-three felony, and the mandatory life sentence provision has been stricken from the statute. Although not addressed by either party, we must determine whether Gonzales is to be resentenced pursuant to the provisions of former A.R.S. § 13–1206 or the current version of that statute.

■ Unless a statute provides otherwise, "it will not govern events that occurred before its effective date." *State v. Coconino County Superior Court,* 139 Ariz. 422, 427, 678 P.2d 1386, 1391 (1984). *See also* A.R.S. § 1–244. We find no provision indicating that the current version of A.R.S. § 13–1206 was intended to apply to events that occurred before its effective date. A.R.S. § 1–246 provides:

When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

Sentence vacated. Remanded to the trial court for proceedings not inconsistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON, J., concur.

FELDMAN, Justice, dissenting,

I dissent from the result reached by the court. My views on the unconstitutionality of A.R.S. § 13–604.01 are set forth in my dissent in *State v. Garcia,* 141 Ariz. 97, 685 P.2d 734 (1984) and *State v. McNair,* 141 Ariz. 475, 687 P.2d 1230 (1984). In addition, in the case at bench the trial judge who heard all the facts and circumstances surrounding the crime of which defendant was convicted, believed the imposition of a mandatory life sentence without possibility of parole for twenty-five years

was so excessive as to violate the Eighth Amendment to the United States Constitution. In my view, therefore, the statute is both unconstitutional on its face and unconstitutionally applied in the case at bench. I would affirm the sentence imposed by the trial judge.