724 P.2d 584

**STATE of Arizona, Appellee,**

v.

**Geraldine NOSIE, Appellant.**

**No. 1 CA–CR 9075.**

Court of Appeals of Arizona,
Division 1, Department C.

March 13, 1986.

Reconsideration Denied April 29, 1986.

Review Denied Sept. 9, 1986.

---

**499**

OPINION

SHELLEY, Judge.

Appellant Geraldine Nosie was charged by information with armed kidnapping, armed robbery, and attempted first-degree murder. The State alleged that the kidnapping and attempted murder were dangerous offenses and alleged a prior *Hannah* conviction (*State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980)), based on a criminal charge pending against appellant in another case. On November 6, 1984, appellant entered into a plea agreement whereby she agreed to plead guilty to armed robbery and attempted first-degree murder, both dangerous offenses. The prosecutors agreed not to request an aggravation hearing, but they reserved the right to make sentencing recommendations. The agreement further provided for the dismissal of the armed kidnapping charge and of the allegation of a prior conviction.

The plea agreement was accepted by the trial court and on May 22, 1985, appellant was sentenced to prison for aggravated consecutive terms of twenty-one years on each of the two counts. The court also ordered appellant to pay restitution in the amount of $4,805.89.

On appeal, appellant contends that the trial court improperly imposed restitution because it failed to consider the appellant's economic circumstances before ordering her to pay restitution. She also contends that the trial court erred in giving the Board of Pardons and Parole authority to determine the manner of payment.

The statute governing this case[1] reads as follows:

A.R.S. § 13–603(C). If a person is convicted of an offense, the court shall require the convicted person to make resti-

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by James Kemper, Deputy Public Defender, Phoenix, for appellant.

1. In 1984, the legislature amended A.R.S. § 13–603(C), the statute authorizing restitution in criminal cases, to require that the convicted person pay the victim's full economic loss. Under the 1984 revision, the convicted person's economic circumstances are to be considered only in determining the manner of payment. These changes took effect August 3, 1984. Laws 1984, ch. 123, § 1. Because the crimes in this case were committed on March 25, 1984, before the effective date of the 1984 changes, sentencing must proceed under the 1983 statute. In *State v. Gonzales*, 141 Ariz. 512, 687 P.2d 1267 (1984), the Arizona Supreme Court stated that "unless a statute provides otherwise, it will not govern events that occurred before its effective date." *Id.* at 513, 687 P.2d at 1268. There was no indication by the legislature that the 1984 changes were to be retroactive.

tution to the victim of the crime ... in such an amount and manner as the court may order after consideration of the economic loss to the victim and economic circumstances of the convicted person.

In *State v. Hawkins*, 134 Ariz. 403, 656 P.2d 1264 (App.1982), this court held that under the above quoted statute, the trial judge must consider a defendant's ability to pay whenever restitution is ordered. If the record demonstrates that the amount of restitution is a proper discretionary choice with regard to the convicted person's ability to pay, the amount will be sustained on appeal. *Id.* at 406, 656 P.2d at 1267. Factors to be considered include "the defendant's income, assets, education, obligation to support dependents, employment history and prospect for future employment." *Id.*

■ We find that the trial court's sentencing order and the record are insufficient to show that the amount of restitution was a proper discretionary choice under *Hawkins*. The amount of restitution ordered at sentencing is the full amount of economic loss suffered by the victim as stated in the presentence report. The record does not reflect that the court had sufficient facts before it to indicate that the amount of restitution set by the court was a proper discretionary choice, nor did the court make findings with respect to appellant's ability to pay.

A.R.S. § 13–603(C) also requires that the trial court consider the economic circumstances of the defendant when determining the manner of payment of restitution. The trial court entered the following order at the time of sentencing:

> Further, it is the order of this court that six months following your release from prison, or as ordered by the Board of Pardons and Parole, that you make and pay restitution in the total amount of $4,805.89.

The order requires that appellant either pay the full amount of restitution within six months after release or pay in some other manner as determined by the Board of Pardons and Parole.

■ To require that appellant pay the full amount so soon after her release does not properly take into consideration her economic circumstances. There is nothing in the record to reflect that she has the ability to pay the full amount within six months after her release.

■ The trial court cannot delegate to the Board of Pardons and Parole the duty to determine the manner of payment. *State v. Oehlerking*, 147 Ariz. 266, 709 P.2d 900 (App.1985), by dicta, so states. Prior to 1983, A.R.S. § 13–603(C) provided for restitution only when probation was given. In 1983, the legislature amended A.R.S. § 13–603(C) to provide for restitution on conviction of an offense, without limiting the same to probation, and provided that the court *shall require* a convicted person to make restitution "in such an amount and manner as the court may order after consideration of the economic loss to the victim and the economic circumstances of the convicted person." Laws 1983, ch. 123, § 1.

At the same time, the legislature amended A.R.S. § 31–412 dealing with the duties and responsibilities of the Board of Pardons and Parole and set forth the criteria for release on parole by adding A.R.S. § 31–412(C) and (D) as follows:

> C. The board shall as a condition of parole order a prisoner to *make any court-ordered* restitution. Restitution shall be ordered to be made to the victim or to the immediate family of the victim if the victim has died.

> D. Payment of restitution by the prisoner in accordance with the provisions of subsection C of this section shall be made through the clerk of the superior court in the county in which the prisoner was sentenced for the offense for which he has been imprisoned in the same manner as restitution is paid as a condition of probation. The clerk of the superior court shall report to the board monthly

whether or not restitution has been paid for that month by the prisoner.

Laws 1983, ch. 123, § 1 (emphasis added).

It is noted that A.R.S. § 13–603(C) requires the court in its discretion to determine the amount of restitution and the manner of paying restitution under certain guidelines.

A.R.S. § 31–412(C) states that the Board shall as a condition of parole order a person to make any court-ordered restitution. This mandates that the Board as a condition of parole shall order the parolee to make the court-ordered restitution. The section does not purport to set any guidelines for the Board of Pardons and Parole. We therefore hold that the legislature intended only that the Board of Pardons and Parole follow through on the orders made by the trial court with regard to the amount and manner of payment. Certainly the legislature would not set guidelines for a court to follow in determining restitution and then alternatively leave to the Board of Pardons and Parole the right to set restitution without any guidelines.

Our opinion in this regard is strengthened by the fact that in 1984 the legislature amended A.R.S. § 13–603(C) to provide that the court shall require a convicted person to make restitution "in the *full amount of economic loss as determined by the court and in the manner as determined by the court after consideration of the economic circumstances of the convicted person.*" Laws 1984, ch. 123, § 1 (emphasis added). However, the legislature did not further amend A.R.S. § 31–412(C) in 1984 or at any time thereafter.

We therefore hold that the trial court erred in failing to determine the amount and manner of payment under the guidelines of *State v. Hawkins, supra.* The order of the trial court with regard to restitution is set aside and this case is remanded to the trial court for further proceedings consistent with this decision.

EUBANK, P.J., and HAINE, J., concur.