721 P.2d 1186

**STATE of Arizona, Appellee,**

v.

**George Joseph CURRIE, Appellant.**

**No. 1 CA–CR 9275.**

Court of Appeals of Arizona, Division 1, Department D.

July 1, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

OPINION

FROEB, Chief Judge.

On June 17, 1985, defendant pled guilty, in accordance with *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of attempted first-degree murder, a class two, nondangerous felony, a violation of A.R.S. §§ 13–1001 and 13–1105. Defendant's plea was accepted

by the court, which found that the plea was entered knowingly, intelligently and voluntarily and that a factual basis supported the plea. Defendant was thereafter sentenced to an aggravated term of twelve years' imprisonment.

## AGGRAVATED SENTENCE

Defendant first argues that the trial court erred in imposing a sentence of imprisonment which was greater than the presumptive term. Specifically, defendant argues that the trial court failed to determine that the aggravating factors present in the case were sufficient to increase the defendant's sentence beyond the presumptive term pursuant to A.R.S. § 13–702(B). We disagree.

At sentencing, the trial court stated that, in consideration of the relevant circumstances of the case, suspension of a sentence and a term of probation was an inappropriate disposition in this case. It continued that "there [were] circumstances sufficiently substantial that call for a term [of imprisonment] greater than the presumptive term." Earlier, the court had stated as mitigating factors it had found the defendant had no prior history of criminal conduct, was suffering from lymphatic cancer and it was unknown how much longer he would continue to live, and that he had been operating under substantial stress at the time of the offense. However, outweighing these considerations were the following aggravating factors: the serious physical injury inflicted upon the victim (the victim, appellant's estranged girlfriend, was shot once in her left breast and once in her left side), the emotional and financial harm to the victim, the fact that the act was premeditated, and the fact that defendant's illness would not constitute a defense or act as a legal or moral excuse for defendant's conduct. Accordingly, we hold the court did not err by imposing an aggravated sentence.

## RESTITUTION

The next issue relates to restitution in the amount of $3,456.50 ordered by the court. Appellant argues that it is invalid because the court did not comply with the requirements of A.R.S. § 13–603(C), which reads:

> If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court and in the manner as determined by the court after consideration of the economic circumstances of the convicted person. Restitution ordered pursuant to this subsection shall be paid to the clerk of the court for disbursement to the victim.

Specifically, appellant argues that the court erred in failing to determine that he had the ability to pay the restitution and failed to determine the manner in which restitution should be paid after taking into account his economic circumstances as required by statute.

Turning to the restitution order, it provides:

> ORDERED that the defendant shall make and pay restitution to the victim of this crime, for the victim's economic loss, through the Clerk of the Superior Court of Maricopa County in the total amount of $3,456.50 six months following release from custody *or* as ordered by the Board of Pardons and Paroles pursuant to A.R.S. Section 31–412, whichever date first occurs. Any order entered by the Board pursuant to A.R.S. Section 31–412 shall be transmitted to the Clerk of the Superior Court of Maricopa County. (Emphasis added.)

This court has previously stated, in *State v. Oehlerking*, 147 Ariz. 266, 709 P.2d 900 (App.1985), that the court cannot delegate to the Board of Pardons and Paroles the function of determining the manner in which restitution is to be made. Therefore, that part of the order in this case is stricken. *See also State v. Nosie*, 1 CA–CR 9075 (Ariz.App. March 13, 1986).

The trial court found, in this case, that the economic loss suffered by the victim was $3,456.50. No dispute as to this amount has been raised by the defendant in the trial court or on appeal. We hold that

the court was correct in ordering the defendant to pay the full amount of the economic loss because that is what is required by the specific language of A.R.S. § 13–603(C). For this determination, the statute does not require the court to consider the economic circumstances of the defendant. This is a significant change in the statute brought about by the 1984 amendment. Prior to the 1984 amendment to A.R.S. § 13–603(C), the trial court was required to consider the economic circumstances of the defendant in determining the *amount* of restitution owed to the victim. *See State v. Nosie* and *State v. Hawkins,* 134 Ariz. 403, 656 P.2d 1264 (App.1982).

The defendant also argues that the trial court failed to determine the manner in which restitution was to be paid. We disagree. The court set forth the manner of payment when it ordered full payment six months following defendant's release from incarceration. This, by itself, however, is not enough. The trial court must consider the defendant's economic circumstances in determining the manner of payment. Again, we hold that the trial court complied with A.R.S. § 13–603(C). It is clear that in tolling payment of the restitution order until six months following defendant's release from incarceration, the court took into consideration defendant's then existing economic circumstances.

At first glance, it would appear that this interpretation of A.R.S. § 13–603(C) conflicts with the recent decision of this court in *State v. Nosie.* The latter case, however, was decided under a prior version of A.R.S. § 13–603(C) which required consideration of the defendant's economic circumstances in the context of both the amount of restitution as well as the manner of payment. The amended version of A.R.S. § 13–603(C), with which we deal here, places a different light on the requirements of the statute.

We are fully cognizant of the fact that a defendant, upon his release from incarceration, may not be able to comply with the manner of payment set forth in the order of restitution. However, because we do not believe the legislature expected trial courts to be clairvoyant, we do not interpret A.R.S. § 13–603(C) to require the manner of payment to be inflexible. We hold that modification of the manner of paying restitution is available if and when it is appropriate.[1]

For example, when a defendant is released from custody, he may seek to pay his court-ordered restitution in installments or, if installments were ordered but in an amount which the defendant cannot presently meet, he may seek a reduction of the court-ordered amount. In these circumstances, the defendant may move to modify his restitution order and a court hearing will be held to examine the defendant's current financial circumstances. When appropriate, modification of the restitution order will be ordered.

Another situation may occur when a defendant is placed on parole and is threatened with parole revocation for nonpayment of restitution. *See* A.R.S. § 31–412(C). Before revocation may take place, the defendant is entitled to a hearing to determine his ability to pay the restitution. Revocation generally will not be ordered when the defendant does not have the ability to pay. *Cf. Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (revocation of probation not allowed where probationer can not pay restitution despite sufficient bona fide efforts to acquire the resources to do so). Although the parole board cannot modify the restitution order, the court may do so.

For the foregoing reasons, the judgment of conviction and sentence are affirmed as modified.

GRANT, P.J., and BROOKS, J., concur.

---

1. In 1986, the legislature enacted several amendments to Title 13, chapter 8. Some of the amendments deal with the issues discussed in this opinion. *See* Laws 1986, ch. 248, §§ 2, 3, 4, 5, 6, 7 and 10.