535 P.2d 15

STATE of Arizona, Appellee,

v.

Gregory David MILLER, Appellant.

STATE of Arizona, Appellee,

v.

Thomas Walter CADE, Appellant.

Nos. 3141, 3142.

Supreme Court of Arizona,
En Banc.

May 14, 1975.

Rehearing Denied June 24, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

Boyle & Brown by Wm. Lee Eaton, and Robert S. Pecharich, Prescott, for appellants.

HAYS, Justice.

This court has jurisdiction of the instant cases pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S. Thomas Walter Cade and Gregory David Miller have each appealed from the judgments entered against them. Each raises identical issues in identical briefs and we have therefore ordered their appeals to be consolidated by this court.

Cade and Miller were arrested and charged with the possession of marijuana. A.R.S. § 36–1002.05. They were determined to be indigent by the trial judge and counsel was appointed to represent them. Subsequently, the defendants pleaded guilty to the charge. The sentence was suspended and probation imposed, the conditions being that each spend a maximum of seven days in the Yavapai County Jail and that they each pay the county the amount expended for their legal representation. On appeal they contend that the sentence imposed was unconstitutional and an abuse of judicial discretion.

The required contribution by the defendants is in accord with Rule 6.7(d), 1973 Rules of Criminal Procedure, 17 A.

R.S., and with Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). The argument that the defendant was denied the constitutional right to counsel afforded the indigent by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963), is ill-founded. The knowledge that the defendant may have that he could be required to pay all or part of the cost of his legal representation cannot be said to "chill" the exercise of his constitutional right, nor is the defendant in any way deprived of necessary legal assistance. Fuller v. Oregon, *supra*. Like the Oregon statute before the United States Supreme Court, our rule insures that only those whom the court finds to have the requisite financial resources to offset the costs of legal services become obligated. The obligation cannot be incurred if it would mean "substantial hardship" to the defendant or his family. This is not, therefore, a penalty placed on the exercise of a constitutional right. No hardship on the defendants has been argued.

The judgments and sentences are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.