680 P.2d 182

**STATE of Arizona, Appellee,**

v.

**Stanley KESWICK, Appellant.**

**Nos. 1 CA–CR 6554, 1 CA–CR 6555.**

Court of Appeals of Arizona,
Division 1, Department B.

Jan. 5, 1984.

Reconsideration Denied Feb. 17, 1984.

Review Denied April 17, 1984.

Robinson & Syme by James J. Syme, Jr., Glendale, for appellant.

Thomas Collins, County Atty. by Roderick D. MacMillan, Deputy County Atty., Phoenix, for appellee.

## OPINION

BROOKS, Judge.

Appellant Keswick has appealed from an order which requires him to pay Maricopa County a total of $4,215.00 as reimbursement for attorney's fees and investigative services performed by the Maricopa County Public Defender's Office in defending him during two criminal prosecutions. The order was entered after the trial court found that the appellant had misrepresented his indigency status in requesting appointed counsel. Two issues have been presented on appeal. First, did the trial court have authority to enter the order pursuant to Rule 6.7(d), Arizona Rules of Criminal Procedure.[1] Second, was reimbursement for attorney's fees properly measured according to reasonable attorney's fees for privately retained counsel rather than the actual cost of furnishing appointed counsel.

Appellant entered a no contest plea to two counts of aggravated assault and was found guilty and placed on probation. While still on probation, he was charged with two counts of kidnapping and one count of attempted sexual assault. This indictment led to a petition to revoke probation on the aggravated assault charges. In both cases, appellant requested appointment of counsel and filed a financial questionnaire pursuant to Rule 6.4(b), reflecting that he was indigent. When he was arraigned on the petition to revoke probation, and again when he was arraigned on the kidnapping and attempted sexual assault charges, the Maricopa County Public Defender was appointed to represent him. At the time these appointments were made, the public defender assigned to represent appellant had serious doubts as to whether appellant was in fact indigent.[2] The public defender thereafter filed a motion for determination of counsel which, in substance, was a motion for reconsideration of the determination of indigency under Rule 6.4(c). A hearing was held that same day and appellant was found not to be indigent because he owned property with an equity value of approximately $225,000.00. The public defender was permitted to withdraw and appellant then retained private counsel who filed a notice of appearance in both cases.

The public defender then filed a motion for determination of attorney's fees requesting reimbursement for a total of 33.7 hours for his representation of appellant on the murder charge, the kidnapping and attempted sexual assault charges and the petition to revoke probation. Appellant's retained counsel filed a response asserting that during the time appellant was represented by the public defender's office, he was incarcerated and unable to obtain private counsel because he had no access to

---

1. Unless otherwise designated, "Rule" refers to Arizona Rules of Criminal Procedure.

2. A previous petition to revoke appellant's probation had been filed based upon a murder charge. The deputy public defender was first appointed at the initial appearance on this charge. For reasons not before us, the murder

charge was dismissed and then later refiled. Apparently, after the public defender was appointed to represent the appellant but before he was appointed on the matters now before us, he determined that there was some question as to whether appellant was in fact indigent.

telephones and no control over his property as he had transferred title to his sister. The response also requested an itemized list of services performed by the public defender and further argued that any reimbursement be paid at a rate of no more than $30.00 per hour, the same as paid to private counsel appointed to represent indigent defendants. The public defender then filed a reply listing 38.7 hours of attorney time and 11.5 hours spent by an investigator from the public defender's office. A reply was also filed by the Maricopa County Attorney's office arguing that not only was it clear that appellant was capable of retaining counsel from the time he was first incarcerated but that the proper amount of reimbursement should be $100.00 per hour for attorney's fees representing reasonable attorney's fees for *retained* counsel. The trial court thereafter ordered the defendant to reimburse the county for attorney's fees and investigative services totalling $4,215.00.[3] The attorney's fees were based upon a $100.00 per hour figure which was stipulated to be a reasonable hourly rate for privately retained counsel.[4]

Appellant filed separate notices of appeal in the revocation of probation case and the kidnapping case appealing from the order directing him to reimburse Maricopa County. These appeals were then consolidated upon appellant's motion.

## JURISDICTION TO ORDER REIMBURSEMENT

The state argues that the trial court had authority to order reimbursement pursuant to Rule 6.7(d). The rule states:

Contribution by the Defendant. If in determining that a person is indigent under Rule 6.4(a), the court finds that such person has financial resources which enable him to offset in part the costs of the legal services to be provided, the court shall order him to pay to the appointed attorney or the county, through the clerk of the court, such amount as it finds he is able to pay without incurring substantial hardship to himself or to his family. Failure to obey an order under this section shall not be grounds for contempt or grounds for withdrawal by the appointed attorney, but an order under this section may be enforced by the payee in the manner of a civil judgment. Except as authorized herein, no person, organization or governmental agency may request or accept any payment or promise of payment for assisting in the representation of a defendant by court appointment.

Appellant argues that this rule only applies to defendants who have been found indigent and only applies to contribution by a defendant for *partial* costs of legal services, not total reimbursement.

The rule is clearly directed at those defendants who have partial ability to pay for counsel but are financially unable to retain private counsel. The comments to the rule reflect that it was taken from the American Bar Association Standards Relating to Providing Defense Services § 6.2 (approved draft 1968). The standard provided:

Partial Eligibility. The ability to pay part of the cost of adequate representation should not preclude eligibility. The provision of counsel may be made on the condition that the funds available for the purpose be contributed to the system pursuant to an established method of collection.

This does not mean, however, that the rule precludes the trial court from ordering full reimbursement if the defendant is reason-

---

3. In the interim, appellant pled guilty to the two counts of kidnapping in Maricopa County Cause No. CR–127501 and was sentenced to 17 years of imprisonment on both counts. That same day, because of this plea, appellant was found in violation of probation in Maricopa County Cause No. CR–120395 and was sentenced to six years imprisonment on one count of aggravated assault and two years imprisonment on the sec-

ond count of aggravated assault. All sentences were ordered to run concurrently with each other and concurrent to a sentence imposed in an unrelated second degree murder conviction.

4. No issue has been raised on appeal as to the computation of investigative services.

ably able to pay such an amount or from requiring reimbursement where the defendant has fraudulently obtained a determination of indigency. The thrust of Rule 6.7(d) is to require a defendant to pay for as much of the costs of legal services as he can afford.[5]

Full reimbursement under Rule 6.7(d) is also supported by *State v. Miller*, 111 Ariz. 558, 535 P.2d 15 (1975) where the court recognized that the Rule was the proper vehicle for a trial court to require a defendant to reimburse the County for the expenses of legal representation as a condition of probation. The court stated:

> The required contribution by the defendants is in accord with Rule 6.7(d), 1973 Rules of Criminal Procedure, 17 A.R.S. and with *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
>
> \* \* \* \* \* \*
>
> Like the Oregon statute before the United States Supreme Court, our rule insures that only those whom the court finds to have the requisite financial resources to offset the costs of legal services become obligated.

111 Ariz. at 558–559, 535 P.2d at 15–16.

■ Implicit in this language and the court's holding is the conclusion that Rule 6.7(d) authorizes the Superior Court to order full reimbursement for legal services. Thus, the court was empowered under this rule to order full reimbursement for legal services fraudulently obtained.

## MEASURE OF REIMBURSEMENT

Appellant argues that the trial court erred in computing the amount of reimbursement for attorney's fees at a rate of $100.00 per hour rather than $30.00 per hour. The parties stipulated that $100.00

per hour was a reasonable rate for privately retained attorneys with skill equivalent to the deputy public defender assigned to appellant's cases. They also stipulated that $30.00 per hour was the rate paid by Maricopa County to private counsel appointed to represent indigents. Appellant argues that the latter figure should have been used as the measure of recovery claiming that Rule 6.7(d) permits recovery only for out-of-pocket expenses. The county focuses upon the benefit received by appellant and justifies the $100.00 per hour figure under a theory of unjust enrichment.

■ Rule 6.7 specifically provides only for reimbursement of "costs" of legal services, not their equivalent value if privately obtained. Similarly, the sections of the American Bar Association Standards cited above refer only to "reimbursement" regardless of whether services are to be repaid because of subsequent financial ability or because services were obtained fraudulently. Finally, because of the inherent conflict between a defendant and his court appointed counsel where services have been fraudulently obtained, we find that the interests of the attorney-client relationship mandate that the conflict not be enhanced by permitting the attorney's employer to recover any more than actual costs incurred in providing the defense services.

In conclusion, we hold that where a defendant has fraudulently obtained appointed defense services, Rule 6.7(d) authorizes the trial court to order reimbursement to the county for the costs of providing those services. In determining such costs, however, the trial court may consider all expenses, including those for administration and overhead, which are reasonably related

---

5. The concept of total reimbursement where services have been obtained by fraud was recognized in § 6.4 of the 1968 Standards and continues to be recognized in the Second Edition:

> Ability to pay partial costs; reimbursement. The ability to pay part of the cost of adequate representation should not preclude eligibility. Reimbursement of counsel or the organization or governmental unit providing counsel

should not be required, except on the ground of fraud in obtaining the determination of eligibility.

Vol. I, American Bar Association Standards for Criminal Justice, Standard 5–6.2 (Second Edition 1980).

See also *U.S. v. Jimenez*, 600 F.2d 1172 (5th Cir.1979) where a similar result was reached under 18 U.S.C. §§ 3006A(c) and (f).

to the legal services rendered on behalf of the defendant.

The order requiring reimbursement is reversed and the matter is remanded for a hearing at which time the trial court shall determine the costs incurred by the county in providing legal services to the appellant.

MEYERSON, P.J., and FROEB, J., concur.