709 P.2d 900

**STATE of Arizona, Appellee,**

v.

**Jon David OEHLERKING, Appellant.**

**No. 1 CA–CR 8292.**

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 12, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., David R. Cole, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James P. Logan, Deputy Public Defender, Phoenix, for appellant.

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct.

## OPINION

JACOBSON, Judge.

The defendant entered an *Alford*[1] plea of guilty pursuant to a plea agreement to a charge of burglary. The plea was entered while the defendant was on probation on another charge. He was sentenced to the presumptive term of five years and ordered to pay $500 in restitution and $150 as reimbursement to Maricopa County for legal services provided. On appeal defendant contends that the trial court: (1) incorrectly characterized his sentence as a "flat sentence," and (2) erred in ordering him to pay reimbursement to the county.

We affirm in part and reverse in part.

## SENTENCE

Defendant was sentenced to five years imprisonment and, pursuant to A.R.S. § 13–604.01(B), would not be eligible for release until the entire sentence imposed had been served "day for day." The defendant objects to the court imposing a "flat sentence," that is, one that must be served in its entirety without the possibility of early release. Defendant interprets A.R.S. § 13–604.01(B) as prohibiting discretionary forms of release only and therefore he contends he is entitled to receive earned release credits provided for under A.R.S. § 41–1604.07. A.R.S. § 13–604.01(B) provides:

> Notwithstanding any provision of law to the contrary, a person convicted of any felony offense not included in subsection A of this section if committed while the person is on probation for a conviction of a felony offense or parole, work furlough or any other release from confinement for conviction of a felony offense shall be sentenced to a term of not less than the presumptive sentence authorized for the offense, and the person is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, sub-

160, 27 L.Ed.2d 162 (1970).

section A or B until the sentence imposed by the court has been served. A sentence imposed pursuant to this subsection shall revoke the convicted person's release and shall be consecutive to any other sentence from which the convicted person had been temporarily released, unless the sentence from which the convicted person had been paroled or placed on probation was imposed by a jurisdiction other than this state.

The defendant contends that the earned release credits, which operate to reduce the term of imprisonment in proportion to the amount of time served, is a mandatory form of release and therefore not prohibited by A.R.S. § 13–604.01(B). A similar interpretation of the statute was recently rejected by our supreme court in *State v. Caldera*, 141 Ariz. 634, 688 P.2d 642 (1984).

In *Caldera,* the defendant committed a number of offenses while on "mandatory release" from the Arizona Department of Corrections. The trial court imposed an enhanced sentence pursuant to A.R.S. § 13–604.01. The defendant appealed contending that the statute could only be used to enhance the sentence of those who committed a crime while on a form of discretionary release, such as probation, and not to those on a form of mandatory release, such as himself. A.R.S. § 13–604.01 applies to those who commit certain crimes "while ... on probation for a conviction of a felony offense or parole, work furlough or *any other release from confinement* for a conviction of a felony offense." (Emphasis added.)

Similarly, in the case at bar, defendant contends that A.R.S. § 13–604.01(B) bars only discretionary forms of release and not mandatory early releases based upon earned release credits. The statute provides that any individual sentenced pursuant to its terms "is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough, or *release from confinement on any other basis* except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served." (Emphasis added.) Although *Caldera* involved the interpretation of the phrase "any other release from confinement," which is found in the first part of the statute, and here we are concerned with the phrase "release from confinement on any other basis," which is found in the second part of the statute, we see no reason to assign different interpretations to the two phrases. Where the same words or phrases appear in the same statute, they should be given a consistent meaning unless there is a clearly expressed legislative intent to the contrary. *See Knoell Brothers Construction, Inc. v. State Department of Revenue*, 132 Ariz. 169, 644 P.2d 905 (App.1982).

A defendant sentenced pursuant to A.R.S. § 13–604.01(B) is not entitled to early release, other than as expressly provided for in the statute, regardless of whether the form of release is characterized as mandatory or discretionary.

Moreover, A.R.S. § 41–1604.07 [2] which provides for earned release credits,

---

2. § 41–1604.07. Earned release credits; forfeiture, restoration

A. Each prisoner classified as parole eligible, class one, pursuant to § 41–1604.06 shall be allowed the following release credits:

1. If sentenced upon a first conviction other than pursuant to § 13–703 or other than for a felony involving the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another, every two days served within class one shall be counted as an earned release credit of one day.

2. If sentenced pursuant to the provisions of § 13–604, subsection A, or upon first conviction of a class 4, 5 or 6 felony involving the use or

exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury or any other provision of law which prohibits release on any basis until serving not less than one-half the sentence imposed by the court, every two days served within class one shall be counted as an earned release credit of one day.

3. If sentenced according to any other of the provisions of § 13–604 or any other provision of law which prohibits release on any basis until serving not less than two-thirds the sentence imposed by the court, every three days served within class one shall be counted as an earned release credit of one day.

by its terms does not apply to defendant. Parole eligible, class one prisoners are allowed release credits if sentenced upon a first conviction (with exceptions), or pursuant to A.R.S. § 13–604 (sentencing enhancement for dangerous and repetitive offenders) or any other sentencing provision which prohibits release on any basis until either one-half or two-thirds of the sentence has been served. Not all prisoners are entitled to release credits. *See State v. Valenzuela,* 144 Ariz. 43, 695 P.2d 732 (1985). Defendant was not a first offender nor was he sentenced pursuant to A.R.S. § 13–604 or any other statute prohibiting early release until a portion of the sentence is served. The defendant was sentenced in accordance with A.R.S. § 13–604.01(B), which prohibits release until the entire sentence has been served, and thus is not eligible to earn release credits according to the terms of the statute. The trial court properly characterized defendant's sentence as a flat sentence and, in any event, he is not entitled to earn early release credits.

## REIMBURSEMENT

■ The trial court ordered the defendant to pay reimbursement of $150 to Maricopa County for legal representation provided to him by the public defender. Defendant contends this was error. We agree.

The trial court is empowered to order reimbursement for legal services pursuant to Rule 6.7(d), Rules of Criminal Procedure, which states:

If in determining that a person is indigent under Rule 6.4(a), the court finds that such person has financial resources which enable him to offset in part the

B. Release credits earned by a prisoner pursuant to subsection A of this section shall be deducted from and reduce the term of imprisonment imposed on such prisoner. Release credits earned shall not reduce the sentence imposed on the prisoner for the purpose of determining such prisoner's parole eligibility.

\* \* \* \* \* \*

**3.** Even if defendant was eligible for parole, A.R.S. § 31–412 does not authorize the board to

costs of the legal services to be provided, the court shall order him to pay the appointed attorney or the county, through the clerk of the court, such amount as it finds he is able to pay without incurring substantial hardship to himself or to his family. . . .

At the sentencing hearing, the trial court simply ordered that defendant reimburse the county. No finding was made, as is required, that the defendant in fact has the financial resources to offset the costs of legal services, nor what actual costs were incurred by the county in rendering the services. *See State v. Miller,* 111 Ariz. 558, 535 P.2d 15 (1975); *State v. Keswick,* 140 Ariz. 46, 680 P.2d 182 (App.1984).

The matter is remanded for a hearing to make the requisite findings, after which the trial court will determine whether reimbursement is appropriate.

## RESTITUTION

■ In accordance with the plea agreement, the defendant was ordered to pay restitution. The trial court set the amount at $500, to be paid in a "monthly amount to begin and as set by the Board of Pardons and Paroles." Presumably, the trial court ordered the board to determine the amount and time of the payments in reliance upon A.R.S. § 31–412, which provides, in part:

C. The board shall as a condition of parole order a prisoner to make any court-ordered restitution.

Since the defendant was sentenced pursuant to A.R.S. § 13–604.01(B), however, he is not eligible for parole. A.R.S. § 31–412, therefore, does not apply to this case.[3]

Restitution may be required pursuant to A.R.S. § 13–603(C):

determine the manner in which restitution is to be made. Subsection D of that statute provides that restitution ordered pursuant to subsection C shall be made "in the same manner as restitution is paid as a condition of probation." A.R.S. § 13–901(H) provides that "[w]hen restitution is made a condition of probation, the *court* shall fix the amount thereof and the manner of performance." (Emphasis added.)

> If a person is convicted of an offense, the court shall require the convicted person to make restitution ... in the full amount of the economic loss as determined by the court and *in the manner as determined by the court* after consideration of the economic circumstances of the convicted person.... (Emphasis added.)

Thus, it is the obligation of the sentencing court to set the amount of the monthly payments and to determine when the payments should begin.

The order requiring that the board direct the scheduling of the restitution payments is vacated and the matter is remanded to the court to determine the manner in which restitution should be made.

Affirmed in part; reversed in part and remanded with directions.

GREER and MANGUM, JJ., concur.

NOTE: The Honorable RICHARD K. MANGUM was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. Art. VI, § 3.