789 P.2d 388

**Kimberlee ESPINOZA, Petitioner,**

v.

**The Honorable Leslie MILLER, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent.**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 89–0130.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 21, 1989.

Review Granted May 1, 1990.\*

---

\* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determination of this matter.

Susan A. Kettlewell, Pima County Public Defender by Creighton Cornell, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Lewis Brandes and Millard Rowlette, Tucson, for real party in interest.

HOWARD, Judge.

Petitioner challenges the trial court's order requiring her to pay attorney's fees after she was placed in the Adult Diversion Program administered by the Pima County Attorney's Office. Because we believe the trial court exceeded its jurisdiction and because the situation is likely to recur, we assume jurisdiction and grant relief.

Petitioner was indicted on August 1, 1989, for theft by control and/or conversion, a class 3 felony. She was arraigned on August 15 and defense counsel, an attorney in the Pima County Public Defender's Office, received notice that the case would be referred to the Adult Diversion Program on August 23. However, at petitioner's initial appearance on July 18, when the Pima County Public Defender's Office was appointed to represent her, she was ordered to pay $100 in attorney's fees at the rate of $20 per month commencing September 1. Petitioner's motion to vacate the assessment of attorney's fees was denied on September 13, and this special action followed.

When the attorney's fees were assessed, it was not yet known that petitioner would be referred to the Adult Diversion Program.[1] The program is established according to guidelines set by the Arizona Prosecuting Attorneys Advisory Council and administered by the Pima County Attorney's Office. A.R.S. § 11–362. It is within the discretion of that office as to whether a defendant will be referred to the program. Ariz.R.Crim.P. 38.1, 17 A.R.S.

Attorney's fees may be assessed in a case involving an indigent defendant where the trial court finds that the indigent has the financial resources to partially offset the cost of legal services. Ariz.R.Crim.P. 6.7(d), 17 A.R.S. The rule does not specify when the order regarding compensation of appointed counsel can be imposed. Article 2, § 24 of the Arizona Constitution, which defines the rights of an accused in a criminal prosecution, provides that "in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed."

Petitioner points out that if she successfully completes the Adult Diversion Program, there will be no conviction and the charge will be dismissed. Ariz.R.Crim.P. 38.3(b), 17 A.R.S. She also argues that the trial court had no authority in this case to

---

1. Petitioner was officially accepted into the program and the prosecution suspended on October 24, 1989.

impose the fee under A.R.S. § 11–584(B) which limits attorney's fees to the situation where the sentencing judge imposes the fee as a condition of a defendant's probation. *State v. Miller*, 111 Ariz. 558, 535 P.2d 15 (1975).

We agree with petitioner that it was premature of the trial court to assess attorney's fees where petitioner had not been convicted or sentenced. We conclude that the trial court exceeded its jurisdiction in imposing the fee assessment at the time it did.

Relief granted.

ROLL, P.J., and HATHAWAY, J., concur.