804 P.2d 90

**Kimberlee ESPINOZA, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, the Honorable Leslie Miller, Respondents,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. CV–90–0030–PR.**

Supreme Court of Arizona, En Banc.

Jan. 3, 1991.

Stephen D. Neely, Pima County Atty., and Paul G. Lauritzen, Deputy Pima County Atty., Tucson, for real party in interest, State.

Susan A. Kettlewell, Pima County Public Defender, and Creighton Cornell, Asst. Pima County Public Defender, Tucson, for petitioner Kimberlee Espinoza.

## OPINION

GORDON, Chief Justice.

The State of Arizona (real party in interest) petitioned for review of the court of appeals' decision granting Kimberlee Espinoza (petitioner) special action relief from an assessment of attorney's fees. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and Ariz.R.Civ.App.P. 23, 17B A.R.S. We vacate the court of appeals' opinion and affirm the superior court's decision denying petitioner's motion for reimbursement of funds.

## FACTUAL AND PROCEDURAL HISTORY

In July 1989, petitioner requested court-appointed counsel to defend her against a criminal charge. At her initial appearance on July 18, the magistrate reviewed her financial statement, appointed the Pima County Public Defender, and determined that petitioner was able to offset part of her legal costs. The magistrate ordered petitioner to pay $100 toward attorney's fees in $20 per month installments commencing on September 1. Petitioner paid $60 of the assessment. On August 23, petitioner received notice of her referral to the Adult Diversion Program. She was officially accepted into the Adult Diversion Program and prosecution was suspended on October 24.

Petitioner's appointed counsel moved in superior court to vacate the attorney's fees assessment. Counsel asserted that peti-

tioner could not afford attorney's fees because she had been referred to the Adult Diversion Program and, as part of the program, would owe up to $3300 in restitution. Counsel further argued that the assessment should be vacated because he devoted little time or effort to petitioner's case before her referral to the diversion program. The superior court judge (respondent) denied the motion, and petitioner requested special action relief in the court of appeals.

In the court of appeals, petitioner's counsel asserted that respondent acted arbitrarily, capriciously, and without authority of law in denying the motion to vacate. Petitioner acknowledged that rule 6.7(d) of the Arizona Rules of Criminal Procedure permits the court to assess attorney's fees. She argued, however, that rule 6.7(d) sets the standard for determining a defendant's ability to pay, but does not define when the compensation of counsel order can be imposed. Petitioner pointed to article 2, § 24 of the Arizona Constitution and A.R.S. § 11–584(B), asserting that a court may order a rule 6.7(d) assessment of attorney's fees only after final judgment and as a condition of probation. Because prosecution was suspended, petitioner claimed that respondent exceeded her authority by ordering a premature assessment of attorney's fees. The State responded that the superior court did not abuse its discretion because petitioner was able-bodied and could earn wages to pay her fees.

Examining petitioner's constitutional and statutory arguments, the court of appeals held that "it was premature of the trial court to assess attorney's fees where petitioner had not been convicted or sentenced." *Espinoza v. Miller*, 163 Ariz. 521, 523, 789 P.2d 388, 390 (App.1989). The court concluded that the trial court exceeded its jurisdiction by imposing the fee assessment when it did.

The State filed a petition for review, asking this court to uphold the constitutionality of rule 6.7(d). We granted review to clarify rule 6.7(d) and to dispel any doubt that it violates Ariz. Const. art. 2, § 24 or conflicts with A.R.S. § 11–584(B).

## DISCUSSION

The State asserts that we must review the constitutionality of rule 6.7(d) because the court of appeals' decision declared the rule unconstitutional. We, however, do not believe the court of appeals held the rule unconstitutional. Rather, it merely held that Arizona Constitution article 2, § 24 and A.R.S. § 11–584(B) limit a court's authority to impose a rule 6.7(d) assessment of attorney's fees. Because we do not agree that the constitution or the statute limits a court's authority to exact recoupment of defense costs from this type of defendant, we examine the relationship of rule 6.7(d) to the constitutional provision and the statute.

The Arizona and United States Constitutions define the substantive right at issue in this case, the right to counsel. A.R.S. § 11–584(B) and rule 6.7(d) are directed at one facet of the right—the state's obligation to assure that all defendants, regardless of their financial circumstances, have access to effective counsel. Although both the statute and the rule are directed at the right to counsel, each has a distinct purpose. The statute describes the method by which the state's responsibility to indigent defendants is administered; the rule is one of the procedural means by which the courts ensure that the substantive right to counsel is available to all defendants. The rule provides:

> If in determining that a person is indigent under Rule 6.4(a), the court finds that such person has financial resources which enable him to offset in part the costs of the legal services to be provided, the court shall order him to pay to the appointed attorney or the county, through the clerk of the court, such amount as it finds he is able to pay without incurring substantial hardship to himself or to his family. Failure to obey an order under this section shall not be grounds for contempt or grounds for withdrawal by the appointed attorney, but an order under this section may be enforced by the payee in the manner of a civil judgment. . . .

Ariz.R.Crim.P. 6.7(d), 17 A.R.S.

Both the sixth amendment to the United States Constitution and article 2, § 24 of

the Arizona Constitution list the rights of those accused of committing a crime, including the right to a defense by counsel. In *Gideon v. Wainwright,* the United States Supreme Court recognized the sixth amendment right to counsel as fundamental and essential to a fair trial, and held that the fourteenth amendment makes the right to counsel obligatory on the states. 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963). To effectuate this fundamental right, the state must provide government-appointed counsel for those charged with a crime who are otherwise unable to obtain counsel. *Id.* at 344–45, 83 S.Ct. at 796–97.

One year after *Gideon,* the Arizona Legislature outlined the state's administrative and financial responsibility to provide counsel for indigent defendants. The legislature determined that the county prosecuting an indigent defendant should bear fiscal responsibility for court-appointed counsel. Counties were allowed to create and pay for an office of the public defender. Counties electing not to create such an office nevertheless were responsible for paying the defense costs of those "not financially able to employ counsel." 1964 Ariz.Sess.Laws, ch. 43, §§ 2–3 (codified at A.R.S. §§ 11–584 and 13–4013).

■ In 1976, the legislature amended the section describing the public defender's duties and provided that the sentencing court could require an indigent to pay the county's reasonable costs of providing defense counsel as a condition of probation. 1976 Ariz.Sess.Laws, ch. 97, § 1 (codified at A.R.S. § 11–584(B)). Several courts have upheld similar provisions against constitutional challenges. *See, e.g., People v. Amor,* 12 Cal.3d 20, 523 P.2d 1173, 114 Cal.Rptr. 765 (1974). In *Fuller v. Oregon,* the United States Supreme Court found that requiring an indigent defendant to reimburse the county's costs as a condition of probation does not "chill the assertion of constitutional rights by penalizing those who choose to exercise them." 417 U.S. 40, 54, 94 S.Ct. 2116, 2125, 40 L.Ed.2d 642 (1974) (quoting *United States v. Jackson,* 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968)). Nor do recoupment provisions violate the due process requirements established in *Gideon;* criminal defendants continue to receive both procedural and substantive safeguards designed to assure fair trials before impartial tribunals, as well as the expert advice necessary to recognize and take advantage of those safeguards. *Id.* 417 U.S. at 52–53, 94 S.Ct. at 2124.

Like the recoupment statute at issue in *Fuller,* Arizona's statute ensures that the indigent defendant is provided defense counsel services without expense, thus satisfying not only the sixth and fourteenth amendments to the United States Constitution, but also article 2, § 24 of the Arizona Constitution. The Arizona Constitution defines the rights of those accused of committing a crime and provides that the accused "shall have the right to appear and defend in person, and by counsel ... and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed." Ariz. Const. art. 2, § 24.

A.R.S. § 11–584(B) provides:
Although the services of the public defender shall be without expense to the defendant the sentencing court may, as a condition of probation, require that the defendant repay to the county a reasonable amount to reimburse the county for the cost of such defendant's defense. In determining the amount and method of payment the court shall take into account the financial resources of the defendant and the nature of the burden that such payment will impose.

In compliance with the last clause of article 2, § 24, the recoupment statute does not require the indigent to advance money or fees to secure the right to counsel. Rather, the statute allows the sentencing court to require an indigent defendant sentenced to probation to repay a reasonable amount, after ascertaining the defendant's financial resources and the burden repayment would place on the defendant. The legislature, therefore, validly provided for "replenishing [the] county treasury from the pockets of those who have directly benefited from

county expenditures." *See Rinaldi v. Yeager,* 384 U.S. 305, 309, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966).

Pursuant to article 6, § 5(5) of the Arizona Constitution, this court adopted the Arizona Rules of Criminal Procedure in 1973. Rule 6 sets out procedures defining and ensuring the substantive right to counsel. Rule 6.1(a) reiterates the substantive right: all persons, regardless of their financial circumstances, are entitled to representation by counsel. In addition, rule 6.4 prescribes the procedures for determining indigency and rules 6.5, 6.6, and 6.7 define the procedures for appointing and compensating appointed counsel.

■ A person is indigent, and thereby entitled to state-provided counsel, if that person "is not financially able to employ counsel." Ariz.R.Crim.Proc. 6.4(a), 17 A.R.S. A defendant who has some financial resources available to pay a portion of the legal expenses at or near the time they accrue is not "indigent" within the legal definition of that term, but is perhaps better described as "quasi-indigent." While upholding the state's right to recoup costs from an indigent defendant, the United States Supreme Court described the legal and financial circumstances a quasi-indigent faces:

We live in a society where the distribution of legal assistance, like the distribution of all goods and services, is generally regulated by the dynamics of private enterprise. A defendant in a criminal case who is just above the line separating the indigent from the nonindigent must borrow money, sell off his meager assets, or call upon his family or friends in order to hire a lawyer. We cannot say that the Constitution requires that those only slightly poorer must remain forever immune from any obligation to shoulder the expenses of their legal defense, even when they are able to pay without hardship.

*Fuller,* 417 U.S. at 53–54, 94 S.Ct. at 2124–25.

This court promulgated rule 6.7(d) to provide a procedure whereby a quasi-indigent defendant would have the same opportunity to exercise the right to counsel as an indigent defendant or nonindigent defendant. Derived from the ABA Standards Relating to Providing Defense Services § 6.2 (Approved Draft 1968), the rule was designed to reduce the danger that those who "possess some resources which can be applied to obtaining counsel, but not enough to assure an adequate defense," are not excluded from the scope of those eligible for court-appointed counsel. Comment to ABA Standard § 6.2. The Standard provides:

6.2 Partial Eligibility.

The ability to pay part of the cost of adequate representation should not preclude eligibility. The provision of counsel may be made on the condition that the funds available for the purpose be contributed to the system pursuant to an established method of collection.

Like the recoupment statute, rule 6.7(d) neither chills the exercise of the right to counsel, *see State v. Miller,* 111 Ariz. 558, 559, 535 P.2d 15, 16 (1975), nor violates article 2, § 24. Although rule 6.7(d) does require off-set contributions from defendants who can pay part, but not all, of their legal expenses without hardship, it does not impair the defendant's right to counsel.

Petitioner argued to the court of appeals that article 2, § 24 limits the court's authority to order partial payment of legal expenses to only those instances in which a proceeding has reached a final judgment. Article 2, § 24 does include the phrase, "in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed." The thrust of this clause, however, is not to set out timelines for certain actions. Instead, the clause mandates that the state may not impose a financial obstacle that would impair a criminal defendant's access to the legal system.

Rule 6.7(d) authorizes the court to order an indigent defendant to contribute to the defense costs. Such an order does not impair the quasi-indigent's right to counsel. Counsel cannot withdraw, and the defendant does not face potential imprisonment for contempt for failing to comply with the

order. Like a nonindigent defendant, the quasi-indigent defendant merely faces a civil judgment if attorney's fees are not paid.

CONCLUSION

■ Rule 6.7(d) provides a procedure in which those who do not qualify for state-provided counsel may nevertheless be appointed counsel by the court. Because rule 6.7(d) imposes no obstacle to a criminal defendant's right to counsel, it does not violate article 2, § 24 of the Arizona Constitution. Moreover, the legislature's determination that an indigent defendant may be required to reimburse the county for state-provided counsel only if sentenced to probation does not apply to defendants who do not meet the definition of indigent. The limitation imposed by A.R.S. § 11–584(B), therefore, does not restrict the court's authority to order partial payment of legal expenses from those who are quasi-indigent. If the quasi-indigent defendant believes the amount paid is unreasonable, a motion for reconsideration may be filed at the end of all proceedings.

We hold that under the facts of this case the trial court properly ordered payment of the amount petitioner was able to contribute. The superior court, therefore, did not abuse its discretion by denying petitioner's request for reimbursement of attorney's fees. We affirm the superior court's decision, and vacate the court of appeals' opinion.

CAMERON, MOELLER and CORCORAN, JJ., and EHRLICH, Judge, Court of Appeals, concur.

FELDMAN, V.C.J., recused himself and did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, SUSAN A. EHRLICH, Judge, Court of Appeals, Division One, was designated to sit in his stead.