811 P.2d 790

**The STATE of Arizona, Appellee,**

v.

**Michael Wayne O'GUIN, Appellant.**

**No. 2 CA-CR 90-0646.**

Court of Appeals of Arizona, Division 2, Department A.

April 30, 1991.

Redesignated as Opinion May 21, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Bruce M. Ferg, Tucson, for appellee.

Susan A. Kettlewell, Pima County Public Defender by John F. Palumbo, Tucson, for appellant.

### OPINION

PER CURIAM.

Pursuant to a plea agreement, appellant pled guilty to simple assault. He was placed on probation for three years and ordered to pay a $500 fine plus surcharges of $185, and $8 to the Judicial Collection Enhancement Fund, "said fine to be paid in

monthly installments based on the defendant's income and ability to pay as determined by the probation officer."

 On appeal, appellant first contends that the trial court erred in not setting the precise amount and number of monthly payments by which his fine is to be paid. We agree. A.R.S. § 13–808 does not allow a court to delegate the responsibility to determine the manner of the payment of a fine, similar to the provisions of A.R.S. § 13–603(C) which does not allow the court to delegate the responsibility for determining the payment of restitution. *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987). The case must be remanded to allow the trial court to determine the manner of payment.

Additionally, appellant is correct that the trial court erred in ordering the entire amount of his $8 time payment fee to be paid to the Judicial Collection Enhancement Fund. The time payment fee pursuant to A.R.S. § 12–116 is to be allocated with $3 earmarked for the fund, $2 allocated to the Public Defender Training Fund, and $3 in this case to the Pima County Superior Court. Upon remand, the trial court shall order the proper division of the time payment fee.

We have reviewed the record for fundamental error and have found none. Therefore, the judgment of conviction is affirmed. The imposition of the probationary term is also affirmed, but the trial court's order regarding payment of the fine and the time payment fee are vacated, and the case is remanded to allow the trial court to reimpose the charges in a manner consistent with this decision.