853 P.2d 1126

**STATE of Arizona, Appellee,**

v.

**Kenneth Douglas LOPEZ, Appellant.**

**No. 1 CA–CR 92–0971.**

Court of Appeals of Arizona,
Division 1, Department B.

May 25, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Daniel J. Kiley, Asst. Atty. Gen., Phoenix, for appellee.

Law Offices of Wendy F. White by Wendy F. White and Sandra Jenney, Flagstaff, for appellant.

## OPINION

WEISBERG, Judge.

Kenneth Douglas Lopez ("defendant") appeals the manner in which the trial court ordered him to pay fines and costs of prosecution. Because we find that the order to pay 25% of defendant's net income is a "specified installment" within the trial court's statutory power, we partially affirm the trial court's sentence. Because the trial court failed to make necessary specific findings as to imposition of "costs of prosecution," we remand for further findings.

## FACTS AND PROCEDURAL HISTORY

Pursuant to a plea agreement, defendant pled guilty to possession of marijuana having a weight between one and eight pounds. The plea agreement provided that sentencing was left to the judge's discretion. On June 9, 1992, the trial court sentenced defendant to three years probation, including a ninety-day jail sentence. In addition, the trial court ordered defendant to pay a fine of $2,400, $2,000 for "cost of prosecution," a $100 victim's compensation fund fee, and a $8 time payment fee. According to the presentence report, defendant's self-reported income was $1,500 per month and his monthly expenses were $1,520.

The trial court ordered that defendant meet these monetary obligations by paying 25% of his net income to the probation department until the obligations were met. The court made this order a condition of probation. Defendant appeals the trial court's order claiming both that the order

is imprecise and that the amount of payment is excessive.

## DISCUSSION

### A. Percentage as a Manner of Payment

■ Defendant claims that the trial court is required to set forth precise amounts of monthly payments for fines. Defendant relies on Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–808(A) (Supp.1992) and *State v. O'Guin,* 168 Ariz. 127, 811 P.2d 790 (App.1991) (per curiam). Section 13–808 provides that "[i]f a defendant is sentenced to pay a fine alone or in addition to any other sentence, the court ... may grant permission for payment to be made within a specified period or in specified installments." Defendant claims that the trial court's order does not satisfy this standard.

In *O'Guin,* "the trial court erred in not setting the precise amount and number of monthly payments by which [defendant's] fine is to be paid." 168 Ariz. at 128, 811 P.2d at 791. Defendant cites this language to support his contention that, in the present case, the trial court's order was insufficient. Defendant misreads *O'Guin.* The rationale of *O'Guin* was not lack of specificity, but improper delegation. In *O'Guin,* the trial court had ordered the probation department to specify the amount of the monthly payments, violating section 13–808(A). Section 13–808(A), as it read at the time of the *O'Guin* decision, "[did] not allow a court to delegate the responsibility to determine the manner of the payment of a fine." *Id.*[1] There is no claim of improper delegation in the present case.

Section 13–808(A) does not require "precise amounts"; it requires that payment be made in "a specified period of time or in specific installments." By ordering defendant to pay 25% of his net income, the trial court clearly sets forth the necessary information for defendant to calculate his obligation. The difference between a trial

---

**1.** We note that, because section 13–808(A) has been amended to allow such delegation, even this holding no longer stands.

court ordering a defendant to pay $375 per month out of $1,500 net income and ordering a defendant to pay 25% of his net income is one of form. With each approach, a defendant knows exactly what his obligation is when it accrues. We hold that ordering defendant to pay 25% of his net income suffices as a "specified installment" under A.R.S. section 13–808(A).

### B. Necessity to Consider Ability to Pay Fine

■ Defendant also claims that the manner in which the fine was imposed does not adequately account for his ability to pay. He argues that A.R.S. section 13–804(D) requires the trial judge to consider his ability to pay when imposing a fine.

The statute defendant cites states in pertinent part: "After the court determines the amount of restitution, the court shall specify the manner in which the restitution is to be paid. In deciding the manner in which the *restitution* is to be paid, the court shall consider the economic circumstances of the defendant." A.R.S. § 13–804(D) (emphasis added). Defendant argues that this statute should apply, not only when considering the manner of payment of restitution, but also when considering the manner of payment of fines. Defendant admits that he can find no case law supporting this assertion. Neither can we. The statute, by its own terms, applies to restitution, not fines. Although restitution can be assessed as part of a fine, *see* A.R.S. § 13–804(A), the fines in the present case are not restitutionary. Section 13–804(D) does not apply.

■ Defendant cites *State v. Wise*, 164 Ariz. 574, 795 P.2d 217 (App.1990) as support for his contention that the trial court must consider defendant's economic circumstances when imposing a fine. The *Wise* court held that "[t]he ability to pay is one factor to consider in the analysis of what is excessive, but it is not dispositive." *Id.* at 576, 795 P.2d at 219. This holding concerned the constitutionality of the fine,

however, not any statutory duty of the trial court. The *Wise* court noted that "[t]he fact that the trial judge has the discretion to set the schedule for payment considerably ameliorates the *statute's failure to allow for a consideration of the ability to pay.*" *Id.* (emphasis added). Therefore, although we will consider ability to pay as one factor toward a claim that a fine is disproportionate, the trial court does not have to explicitly consider the defendant's ability to pay when imposing a fine or its payment schedule. Because, based on the following discussion, we remand for a hearing on the total fine on other grounds, we do not reach the issue of excessiveness at this time.

### C. Necessity to Consider Ability to Pay Reimbursement

At the sentencing hearing, the trial court ordered defendant to pay $2,000 for "cost of prosecution." The following is the discussion on this reimbursement at the sentencing hearing:

> THE COURT: For cost of prosecution I'm going to add $2000 [to the fine]. I think if you had to go to go get an attorney of your own, you're looking at 5– or $10,000. I think Coconino County is certainly entitled to cost of prosecution.

This language indicates that this imposition was, in fact, reimbursement for costs of providing legal services, not cost of prosecution.[2] Reimbursement to the court for provision of legal services will be upheld only after the trial court has made the necessary findings.

#### 1. Authority for Reimbursement

■ Rule 6.7(d), Arizona Rules of Criminal Procedure, provides the trial court's authority for reimbursement for provision of legal services. Rule 6.7(d) provides that:

> If in determining that a person is indigent under Rule 6.4(a), the court finds that such person has financial resources which enable him to offset in part the

---

**2.** If our reading of the trial court is incorrect and the $2,000 is for some cost of prosecution, the trial court may indicate so on remand.

costs of the legal services to be provided, the court shall order him to pay the appointed attorney or the county, through the clerk of the court, such amount as it finds he is able to pay without incurring substantial hardship to him or his family.

The Arizona Supreme Court upheld this rule in *State v. Miller*, 111 Ariz. 558, 535 P.2d 15 (1975). The court wrote the following:

> The required contribution by the defendants is in accord with Rule 6.7(d) ... and with *Fuller v. Oregon*, 417 U.S. 40 [94 S.Ct. 2116, 40 L.Ed.2d 642] (1974).... Like the Oregon statute before the United States Supreme Court, our rule insures that only those whom the court finds to have the requisite financial resources to offset the costs of legal services become obligated. The obligation cannot be incurred if it would mean "substantial hardship" to the defendant or his family.

*Id.* at 558–59, 535 P.2d at 15–16. The Arizona Court of Appeals has further defined the requirements of Rule 6.7(d) in two cases: *State v. Keswick*, 140 Ariz. 46, 680 P.2d 182 (App.1984) and *State v. Oehlerking*, 147 Ariz. 266, 709 P.2d 900 (App.1985). In *Keswick*, the court held that "Rule 6.7 specifically provides only for reimbursement of 'costs' of legal services, not their equivalent value if privately obtained." 140 Ariz. at 49–50, 680 P.2d at 185. In *Oehlerking*, this court wrote that:

> At the sentencing hearing the trial court simply ordered that defendant reimburse the county. No finding was made, as is required, that the defendant in fact has the financial resources to offset the costs of legal services, nor what actual costs were incurred by the county in rendering the services.

147 Ariz. at 269, 709 P.2d at 903. Thus, two requirements stem from these cases: (1) a finding that the imposition of costs of prosecution will not be a substantial hardship and (2) that the additional fine imposed represents the actual costs incurred by the county.

### 2. Trial Court Failed to Make Any Findings

■ The trial court did not make a factual finding as to either defendant's ability to pay or to the impact that this imposition would have on him. In its minute entry, the trial court noted that "[i]f the Defendant is obligated to pay this sum, it will probably be a hardship, with the Court feeling that it is a hardship that must be endured until everything has been paid in the case." This comment is contrary to the type of finding necessary to justify requiring reimbursement for provision of legal services.

The trial court also noted at the sentencing hearing that it based its fine on a rough guess of what a privately-retained attorney would charge. According to *Keswick*, the trial court must make a finding as to the actual costs of providing legal services. The trial court failed to do so.

### 3. Failure to Make Findings Would Constitute Fundamental Error

■ The right to counsel is a fundamental right under the United States and Arizona Constitution. *See* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24; *Espinoza v. Superior Court*, 166 Ariz. 557, 804 P.2d 90 (1991). Reimbursement rules like Rule 6.7(d) do not violate the right to counsel "after ascertaining the defendant's financial resources and the burden repayment would place on the defendant." *Espinoza*, 166 Ariz. at 560, 804 P.2d at 93. Failure to establish this prerequisite, then, is fundamental error.

Although defendant does not expressly argue Rule 6.7(d), he cites *Oehlerking* in connection with his claim that the trial court's failure to consider defendant's ability to pay violated A.R.S. section 13–804(D). Defendant never cites Rule 6.7(d) or any constitutional concerns stemming from the omission. Nevertheless, under A.R.S. section 13–4035, this court has jurisdiction to raise issues concerning possible fundamental errors sua sponte and we do so in this case.

## CONCLUSION

Because we find that requiring a fine to be paid by ordering a defendant to remit 25% of his net income is a "specified installment," we affirm the trial court in part. Because we find that the trial court failed to make necessary factual findings before requiring reimbursement for provision of legal services, we remand for these findings as to defendant's ability to pay for those legal services or further clarification.

JACOBSON, P.J., and GRANT, J., concur.