NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GERALD JOHN NOWAKOWSKI, *Appellant.*

No. 1 CA-CR 14-0360
FILED 9-15-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201100901
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Chief Judge Michael J. Brown joined.

**G E M M I L L,** Judge:

**¶1**        Gerald John Nowakowski appeals his convictions and sentences for arson of a structure, criminal damage of more than $2,000 in property, and three counts of misdemeanor endangerment.  For the reasons that follow, we affirm.

## I.        FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        After drinking vodka throughout the evening, Nowakowski broke furniture and set fires near a residential trailer and less than a foot from a vehicle in which he had told his wife and two stepchildren to sit.  The three victims grabbed some belongings and fled on foot.  Shortly after they set out, Nowakowski's stepdaughter heard an explosion.

**¶3**        A deputy sheriff arrived at the property in a remote area near Lake Havasu City to find Nowakowski covered in ash, but calm.  Nowakowski told the deputy sheriff that he had started the fires to keep warm, and he "had to do it to start over" because his wife was not happy living there.  It was August, however, and the temperature in Lake Havasu City was in the "[h]igh 80s, low 90s."  The deputy sheriff saw Nowakowski watching several vehicles and a trailer on fire, "and he was smiling."  Nowakowski appeared intoxicated.

**¶4**        A residential trailer and two vehicles — including the one the victims had been sitting in — were destroyed by fire that night.  The day after the fires, Nowakowski's wife estimated the damage at about $97,000.

**¶5**        The jury convicted Nowakowski of the charged offenses of arson of a structure, criminal damage of more than $2,000 in property, and three counts of misdemeanor endangerment as lesser included offenses of the charged offenses of felony endangerment, and found the latter four offenses were domestic violence offenses.  The superior court suspended sentence and imposed 3 years' probation, with 180 days in jail as a condition of probation.  The superior court ordered partial reimbursement of attorneys' fees in the amount of $500.  Nowakowski filed a timely notice of appeal, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

---

[1]  We view the trial evidence in the light most favorable to sustaining the jury's verdicts.  *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).

## II.     DISCUSSION

### A.     Sufficiency of Evidence of Endangerment

¶6          Nowakowski argues that the evidence failed to support the endangerment convictions, because it did not demonstrate that he had placed the three victims in "substantial risk of imminent physical injury." We review the sufficiency of the evidence to support a conviction *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶15, 250 P.3d 1188, 1191 (2011*)*. We view the facts in the light most favorable to upholding the jury's verdict, and resolve all conflicts in the evidence against defendant. *State v. Girdler,* 138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983*)*.

¶7          The misdemeanor endangerment offense requires proof of "recklessly endangering another person with a substantial risk of imminent . . . physical injury." *See* A.R.S. § 13-1201[2] . Recklessly, as defined by A.R.S. § 13-105(10)(c), and provided to the jury in the final instructions, means "that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that circumstances exist . . and . . . that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." The statue also provides that "[a] person who creates such a risk but who is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk."

¶8          The evidence showed that Nowakowski rammed a vehicle into a water tank, ordered the victims to get into the vehicle, and then used a propane torch to set fire to a trash pile a foot in front of the vehicle in which the victims were sitting. Although the victims were able to escape from the vehicle and leave the property, Nowakowski's stepdaughter heard an explosion as she was leaving. She assumed it was a van parked on the property, but she later saw that the van, as well as the vehicle in which they had been sitting, and a residential trailer had all been destroyed by fire. Given the evidence, the jury could have reasonably concluded that Nowakowski recklessly placed the victims in substantial risk of imminent physical injury at the time by lighting a fire very near the vehicle while they were still in it, sufficient to support the endangerment convictions.

### B.     Comment on Defendant's Post-arrest Silence

¶9          Nowakowski also argues that the prosecutor violated his constitutional right to remain silent post-arrest by eliciting testimony from the deputy sheriff that Nowakowski did not say anything while he was handcuffed, smiling, in the back of the police cruiser; that after he explained why he set the

---

[2] We cite the current version of the statutes referenced herein, because they have not been amended in material part since the date of this offense, August 5, 2011.

fires, he did not say anything different; and that he refused to make any more statements clarifying his remark that his wife was the guilty party. Nowakowski also argues that the trial court erred in overruling his objection to the prosecutor's argument in rebuttal closing that, after explaining why he set the fires, Nowakowski "clammed up and wouldn't give any more information to the deputy after he realized the seriousness of what he did."

¶10    It is well settled that the use of a defendant's post-*Miranda* silence as evidence of guilt, even for impeachment purposes, violates a defendant's due process rights. *See Doyle v. Ohio,* 426 U.S. 610, 619 (1976). Our supreme court has also held that use of a defendant's pre-*Miranda* silence while in custody, even absent police interrogation, violates a defendant's Fifth Amendment rights. *State v. VanWinkle*, 229 Ariz. 233, 236-37, ¶ 15, 273 P.3d 1148, 1151-52 (2012). The Fifth Amendment, however, does not prohibit comment on a defendant's pre-arrest silence when it is not the result of state action. *State v. Lopez*, 230 Ariz. 15, 20, ¶16, 279 P.3d 640, 645 (App. 2012). It is permissible, moreover, to comment on matters that a defendant volunteers before asserting his rights. *See State v. Routhier*, 137 Ariz. 90, 96, 669 P.2d 68, 74 (1983).

¶11    Nowakowski failed to object to any of the cited testimony at trial, and, accordingly, bears the burden of demonstrating that the court erred in allowing the testimony, that the error was fundamental, and that he was prejudiced thereby. *See State v. Henderson,* 210 Ariz. 561, 568, ¶ 22, 115 P.3d 601, 608 (2005). To prove prejudice, defendant must show that a reasonable jury or judge could have reached a different result absent the error. *Id.* at 569, ¶ 27, 115 P.3d at 609.

¶12    Nowakowski has failed to meet his burden on fundamental error review. As an initial matter, it is unclear from the record when Nowakowski was taken into custody. Nowakowski did not file a pretrial motion to suppress his statements, and neither party elicited testimony at trial on precisely when he was taken into custody or when he was advised of his *Miranda* rights. It is clear from this record only that he was in custody (handcuffed in the back seat of the police cruiser) watching the fires, smiling, at the time he "did not make any statements," or was silent. By directly eliciting this testimony, the prosecutor violated Nowakowski's exercise of his right to remain silent post-custody. *VanWinkle*, 229 Ariz. at 236-37, ¶ 15, 273 P.3d at 1151-52.

¶13    The prosecutor did not improperly comment on Nowakowski's silence, however, by eliciting testimony that Nowakowski never offered a different explanation for setting the fires than the one he had given when the deputy sheriff first encountered him. Even assuming Nowakowski was in custody during some of that time, the prosecutor's question was directed to what Nowakowski said, not

to his silence. Finally, the prosecutor's question as to whether Nowakowski had told him "that the victim was the guilty one" did not improperly elicit testimony on Nowakowski's silence. The deputy, however, in responding to the question, arguably did improperly comment on Nowakowski's silence (assuming he was in custody at the time) by stating that Nowakowski "wouldn't go into specifics because he refused to talk to me." In light of the victims' testimony that Nowakowski was the only one with the propane torch, and Nowakowski's admissions that he set the fires himself, for reasons that made no sense, however, the jury could not have reached a different result absent these isolated references to his silence. Nowakowski accordingly has failed to meet his burden to demonstrate that any of this testimony on his post-arrest silence prejudiced him, as necessary for reversal on fundamental error review.

¶14 The superior court erred in overruling Nowakowski's objection to the prosecutor's rebuttal argument that he "clammed up" after "he realized the seriousness of what he did." The superior court explained, "I think the context of the statement was made clear yesterday that he – I think the testimony was that he diverted the subject matter, and that this was not a case where he asserted his right." We disagree. The argument broadly included within its ambit at the very least Nowakowski's *silence* post-arrest, pre-*Miranda*, and accordingly was an impermissible use of his exercise of his Fifth Amendment right to remain silent as evidence of guilt. *VanWinkle*, 229 Ariz. at 236-37, ¶ 15, 273 P.3d at 1151-52. Because Nowakowski objected, we review for harmless error. *Henderson,* 210 Ariz. at 567, ¶ 18, 115 P.3d at 607. To demonstrate that the objected-to error was harmless, the State must prove beyond a reasonable doubt that the error in admitting the evidence "did not contribute to or affect the verdict or sentence." *Id.* (citing *State v. Bible,* 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993)). The State has met its burden. Nowakowski admitted setting the fires, explained he set the fires in August (when the temperatures were in the 80s or 90s) to keep warm, and smiled while he watched the residential trailer and two vehicles burn. Under these circumstances, the prosecutor's improper argument did not contribute to or affect the verdict of guilt.

## C. Partial Reimbursement of Attorneys' Fees

¶15 Finally, Nowakowski argues that the superior court erred in ordering him to reimburse $500 as part of the cost of providing legal services, without expressly determining that he had any ability to pay. Nowakowski had told the probation officer who prepared the presentence report that he was unemployed, but his wife supported him financially and he believed he could pay $50 a month in court-ordered fees. At sentencing, Nowakowski informed the court that he was now employed. The judge ordered Nowakowski to pay $500 in partial reimbursement of attorneys' fees, a flat fee that the judges in Mohave

County had agreed to impose uniformly. The judge ordered Nowakowski to pay the probation assessment fee at a rate of $65 per month, and all other payments (including attorneys' fees reimbursement) at a rate of $30 per month, for a total monthly assessment of $95. The judge did not make any finding on the record supporting Nowakowski's ability to pay the reimbursement for legal services without substantial hardship. Nowakowski, however, did not object to the amount of the reimbursement or to the court's failure to make any such finding.

¶16 A court may order a criminal defendant to reimburse the cost of providing legal services, after finding that the defendant has the necessary financial resources to pay the reimbursement without substantial hardship. *State v. Taylor*, 216 Ariz. 327, 334-35, ¶25, 166 P.3d 118, 125-26 (App. 2007); *see* A.R.S. § 11-584(C)(3) and (D) (when requiring defendant to repay costs of defense, court "shall take into account the financial resources of the defendant and the nature of the burden that the payment will impose"); Ariz. R. Crim. P. 6.7(d) (providing that the court shall order indigent defendant to offset the cost of legal services "to be provided," to the extent that "the court finds such person has financial resources" to make such payments "without incurring substantial hardship . . . ."). Because Nowakowski failed to object to the reimbursement order at sentencing, he bears the burden of demonstrating that the court erred in ordering it, that the error was fundamental, and that he was prejudiced thereby. *See Henderson*, 210 Ariz. at 568, ¶ 22, 115 P.3d at 608. Error is fundamental when it goes to the foundation of the defendant's case, takes from him a right essential to his defense, and is error of such magnitude that he could not possibly have received a fair trial. *Id.* at 567, ¶ 19, 115 P.3d at 607.

¶17 We agree with *State v. Moreno-Medrano*, 218 Ariz. 349, 185 P.3d 135 (App. 2008), that it is not fundamental error for a superior court to fail to make an express finding that a defendant has the ability without substantial hardship to partially reimburse attorneys' fees. *See id.* at 353, ¶¶ 12-13, 185 P.3d at 139. We decline to follow the earlier decision in *State v. Lopez*, 175 Ariz. 79, 82, 853 P.2d 1126, 1129 (App. 1993), which held that the failure to make such express determination is fundamental error because it violates the constitutional right to counsel. *See id.* at 82, 853 P.2d at 1129; *cf. State v. Torres-Soto*, 187 Ariz. 144, 145, 927 P.2d 804, 805 (App. 1996) (concluding that unobjected-to imposition of attorneys' fees without requisite findings would not have warranted reversal if it were not for court's fundamental error in imposing $85,500 in surcharges). A post-trial order requiring a defendant to reimburse some of the cost of legal services does not deprive a defendant of his right to counsel. *See State v. Espinoza*, 166 Ariz. 557, 561-62, 804 P.2d 90, 94-95 (1991) (holding that order under Rule 6.7(d) "does not impair the quasi-indigent's right to counsel. Counsel cannot withdraw, and the defendant does not face potential imprisonment for contempt for failing to comply with the order."); Ariz. R. Crim. Pro. 6.7(d) ("Failure to obey an order under this

section shall not be grounds for contempt or grounds for withdrawal by the appointed attorney," but may be enforced by a civil judgment). And "[a]lthough findings of fact and conclusions of law are certainly helpful on appellate review, they do not go to the foundation of the case or deprive a party of a fair hearing." *Trantor v. Fredrikson*, 179 Ariz. 299, 300-01, 878 P.2d 657, 658-59 (1994); *see Moreno-Medrano*, 218 Ariz. at 353, ¶ 13, 185 P.3d at 139 ("After *Henderson*, we conclude this part of *Lopez* is no longer correct and find that the imposition of the fees without the finding was not fundamental error.").

**¶18**　　　　　Moreover, Nowakowski has failed to show that the sentencing court did not consider his financial ability in imposing the reimbursement. "Trial judges are presumed to know the law and apply it in making their decisions." *State v. Lee*, 189 Ariz. 608, 616, 944 P.2d 1222, 1230 (1997) (internal quotes omitted). The presentence report revealed that just based on his wife's income, Nowakowski believed he could contribute $50 a month toward fees and assessments. Before the court imposed the reimbursement and set total assessments at $95 a month, Nowakowski revealed that he had obtained a job. The judge could have reasonably concluded on this record that Nowakowski could afford the additional $45 a month in payments, and thus that he could pay the $500 reimbursement for legal services without substantial hardship. On this record, Nowakowski has failed to meet his burden for reversal of this assessment on fundamental error review.

## III.　CONCLUSION

**¶19**　　　　　For the foregoing reasons, we affirm Nowakowski's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama