NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MILOVAN RAJKO UROSEVIC, *Petitioner*.

No. CR 13-0787 PRPC
FILED 4-21-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 2006-007094-001
The Honorable Carolyn K. Passamonte, Commissioner

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Milovan Rajko Urosevic, Eloy
*Pro Se Petitioner*

_____

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

_____

**N O R R I S**, Judge:

**¶1**          Milovan Rajko Urosevic seeks review of the superior court's summary dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32, arguing the superior court should have allowed him to withdraw his guilty plea because it improperly sentenced him in a different case and because his trial counsel was ineffective.  We have considered his petition for review and grant review, but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          In this case ("drug possession case"), Urosevic pleaded guilty to possession or use of dangerous drugs (methamphetamine), a Class 4 felony, in exchange for dismissal of two other counts and sentence enhancement allegations pursuant to a plea agreement.   The plea agreement provided that he would be placed on supervised probation, consecutive to a four-month prison term for aggravated DUI in another case ("DUI case"), in which he had also entered into a plea agreement.[1]

**¶3**          Accordingly, on December 20, 2010, the superior court suspended Urosevic's sentence in the drug possession case and placed him on supervised probation for three years to begin upon discharge from prison in the DUI case and concurrent to a term of probation for a separate aggravated domestic violence conviction.[2]   The superior court, however, imposed a 2.5-year prison term in the DUI case rather than the four-month

_____

[1]Maricopa County Superior Court Cause No. CR 2005-123523-001.

[2]Maricopa County Superior Court Cause No. CR 2005-141996-001.

term. At sentencing, neither Urosevic nor his counsel objected to the sentences imposed by the superior court.

¶4 On December 12, 2012, Urosevic petitioned *pro per* for post-conviction relief in the drug possession case,[3] arguing the superior court failed to follow the terms of his plea agreement in the DUI case regarding the prison sentence imposed in the DUI case and thus he should be permitted to withdraw both guilty pleas. In response, the State argued the superior court should summarily dismiss the petition. Conceding that Urosevic had been incorrectly sentenced in the DUI case, the State argued, however, that this mistake did not entitle him to relief in the drug possession case, especially since it had agreed that he should be resentenced in the DUI case.

¶5 On May 20, 2013, while his first petition for post-conviction relief was still pending a decision, Urosevic filed a second notice of post-conviction relief/amendment to the first petition and claimed ineffective assistance of trial counsel based on his lawyer's alleged failure to advise him that his guilty plea to possession of dangerous drugs would result in a deportation order. He alleged that if he had been aware of this consequence, he would never have agreed to plead guilty.

¶6 On July 8, 2013, the superior court summarily dismissed Urosevic's petition for post-conviction relief, ruling that he had failed to state a colorable claim for relief with respect to either his erroneous sentence claim or his ineffective assistance of counsel claim. After the superior court denied his motion for reconsideration, Urosevic petitioned for review.

**DISCUSSION**

I.    Withdrawal of Guilty Plea

¶7 The sentence imposed by the superior court in the DUI case does not provide a basis for withdrawal of the guilty plea entered in the drug possession case. Any relief for the sentencing error in the DUI case is properly obtained in that case rather than here. Indeed, the superior court in the DUI case has resentenced Urosevic in accordance with the terms of

---

[3]On June 13, 2012, Urosevic's appointed counsel in the post-conviction proceeding filed a notice stating that after completing her review, she could not find any claims for relief to raise on Urosevic's behalf. The superior court thereafter granted Urosevic leave to file a *pro per* petition.

the plea agreement. Thus, the sentencing error he raises here has now been corrected.

¶8 Moreover, Urosevic's reliance on the terms of the plea agreements in claiming that the sentencing error in the DUI case entitles him to withdraw his guilty plea in this case is misplaced. Even if we accept the two plea agreements were part of a "global resolution," they provided for withdrawal only if the superior court rejected the plea agreements. *See* Ariz. R. Crim. P. 17.4(e); *State v. Hawkins*, 134 Ariz. 403, 405, 656 P.2d 1264, 1266 (App. 1982) ("Where a plea agreement or a provision of the agreement is rejected by the trial court, it is obliged to give the defendant an opportunity to withdraw the plea.") Here, the superior court did not reject the plea agreements or any of their terms. The superior court simply made a mistake as to the sentence permitted under the plea agreement in the DUI case. Thus, we cannot say the superior court abused its discretion in denying Urosevic's request that he be allowed to withdraw from his plea agreement in the drug possession case. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986) (superior court's ruling on a petition for post-conviction relief reviewed for abuse of discretion).

II.     Ineffective Assistance of Counsel

¶9 Urosevic is not entitled to relief for ineffective assistance of counsel, even if we were to accept his unsworn allegations as true.

¶10 A counsel's failure to inform a client whether the guilty plea carries a risk of deportation constitutes deficient performance under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 1486-87, 176 L. Ed. 2d 284 (2010). To state a colorable claim of ineffective assistance of counsel, however, a defendant must show both deficient performance and prejudice. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

¶11 Here, regardless of whether his lawyer informed him about the risk of deportation, before accepting his guilty plea, the superior court specifically informed Urosevic at the sentencing hearing that admitting guilt could result in his deportation or removal. *See State v. Lemieux*, 137 Ariz. 143, 146, 699 P.2d 121, 124 (App. 1983) (court views allegations in petition in light of the entire record to determine if a claim is colorable).

And, Urosevic told the superior court he understood the risk and was "ready to proceed [] anyway." Accordingly, Urosevic cannot satisfy the prejudice prong for establishing a colorable claim of ineffective assistance of counsel.

## CONCLUSION

¶12        For the foregoing reasons, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama